**Hislop Law Group, PLLC**
Terence J. Hislop (SBN:  026963)
**Biltmore Office Plaza**
2942 N. 24th St Suite 114
Phoenix, Arizona 85016
Phone: (480) 266-9750
thislop@hisloplawgroup.com
hisloplawgroup@hisloplawgroup.com
Attorneys for Plaintiff Norma P. Hernandez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NORMA P. HERNANDEZ, Individually<br>Plaintiff,<br><br>vs.<br><br>CARLOS C. RODRIQUEZ, an individual;<br>BANK OF AMERICA, NA, a corporation;<br>DESERT SCHOOLS FEDERAL CREDIT<br>UNION, a corporation; ELAN FINANCIAL<br>SERVICES, a corporation; JP MORGAN<br>CHASE BANK, NA, a corporation.<br>Defendants. | Case No.: CV<br><br>*Norma P. Hernandez*<br><br>COMPLAINT<br><br>Federal Claims<br><br>(I)    Truth in Lending Act (TILA)<br>(II)   Fair Credit Reporting Act (FCRA)<br>(III)  Unfair and Deceptive Co-signer<br>        Practices<br><br>State Claims<br><br>(IV)   Common Law Fraud /Fraudulent<br>        Concealment/Promissory Estoppel<br>(V)    Aiding-and-Abetting Fraud,<br>        Fraudulent Concealment<br>(VI)   Statue of Frauds<br>(VII)  Arizona Consumer Fraud Act<br>(VIII) Fraud and Fraudulent Concealment<br><br>JURY TRIAL DEMANDED |

1

Plaintiff NORMA P. HERNANDEZ (Plaintiff), by and through undersigned counsel, as and for its cause of action against the above named Defendants hereby states and alleges as follows:

## INTRODUCTION

This case is about a working woman who became a victim of a friend's criminal betrayal and the unlawful indifference of several large banks.  Both the friend and the banks had one thing in common; they wanted the Plaintiff's money in defiance of the law.

Unsophisticated in the ways of the predatory intentions of this friend and based on her nature as a trusting person, the Plaintiff believed the Defendant CARLOS C. RODRIQUEZ's (RODRIQUEZ) verbal representations.

The Plaintiff entered into an agreement with Defendant RODRIQUEZ, to assist him in an hour of need.  The Plaintiff did ultimately authorize Defendant RODRIQUEZ to become a co-debtor to one single existing credit card she held.

The Plaintiff's intent was to help a friend establish credit for Defendant RODRIQUEZ. But, after this, Defendant RODRIQUEZ opened three additional credit cards without the Plaintiff's authorization.

Defendant RODRIQUEZ represented himself as an expert in the world of credit cards and of this, there can be no doubt.  The fraud Defendant RODRIQUEZ committed upon the Plaintiff was greatly compounded by Defendant RODRIQUEZ's confidence that Defendant

credit card issuer's possessed an unwillingness or inability to comply with numerous regulations instituted to protect the Plaintiff from the harm she suffered.

Without the Plaintiff's knowledge or approval, Defendant RODRIQUEZ was able to obtain credit on the Plaintiff's good name which facilitated a lifestyle at the expense of the Plaintiff that would embarrass a sailor on shore leave.   His antics are definitive of egregious fraud.

Defendant credit card issuers violated the Truth in Lending Act (TILA), The Fair Credit Reporting Act (FCRA), Unfair and Deceptive Co-signer Practices, Arizona Consumer Fraud Act and the Statue of Frauds.  In addition, Defendant credit card issuers have perpetrated fraud and fraudulent concealment.  In addition, Defendant credit card issuers reported derogatory and adverse information to credit reporting agencies (CRA's) impairing Plaintiff's credit reporting file. Defendant credit card issuers compounded those problems, and made its violation willful, when each refused and continue to refuse to produce the original written agreement creating the obligation it says Plaintiff owes.  Defendant credit card issuers continued and continue to collect a debt that was not legally owed by the Plaintiff and one that Defendant RODRIQUEZ refuses to pay.

The Plaintiff is left with $39,239.73 in credit card debt.[1]  Plaintiff also made $16,506.81 in payments on the four credit cards in question in order to attempt to preserve her credit and

---

[1]Desert Schools Visa xxxxxxxxxxxx2513 balance owed as of April 24, 2013 is $12,868.29; Desert Schools Visa xxxxxxxxxxxx9530 balance owed as of May 19, 2013 is $8,296.64; Chase xxxxxxxxxxxx5633 as of May 16, 2013 is $11,911.40; Bank of America Visa

avoid collection.   Defendant RODRIQUEZ total debt obligation to date to credit card issuers and Plaintiff is $55,746.54.

## SUMMARY OF COMPLAINT

This is an action for damages brought by Plaintiff for fraud against Defendant RODRIQUEZ's and Defendant credit card issuers aiding-and-abetting fraud, fraudulent concealment, violations of Truth in Lending Act (TILA), Fair Credit Reporting Act (FCRA), Federal Trade Commission Credit Practices Rule, breach of Arizona Statue of Frauds and Arizona Consumer Fraud Act, using credit reporting agencies to effect the broader scheme, bypassing data retention requirements and reporting false information.

In each of the following four separate credit card accounts, Plaintiff is listed as a co-obligator with Defendant RODRIQUEZ, whom Plaintiff is unrelated to.   Unequivocally, Plaintiff never used any of the credit cards to make purchases nor did she benefit from any of the purchases which were exclusively made Defendant RODRIQUEZ.

The following credit card accounts pertain to this action:

xxxxxxxxxxxx0884 as of June 1, 2013 is $6,163.40.  In addition, in an attempt to preserve her good credit, while continuing unsuccessfully to persuade Defendant RODRIQUEZ to pay his charges, Plaintiff paid minimum monthly charges until January of 2013.  Total payments made per credit card by the Plaintiff are, Desert Schools Visa xxxxxxxxxxxx2513, $4,061.00; Desert Schools Visa xxxxxxxxxxxx9530 is $3,240.80; Chase xxxxxxxxxxxx5633 is $6,634; Bank of America Visa xxxxxxxxxxxx0884 is $2,571.

Desert Schools Visa xxxxxxxxxxxx2513 (hereafter referred to as the first Desert Schools credit card); opened on December 12, 2008; listed as "closed" on credit reporting agency's (CRA) report as 2-2012 "at consumer's request."

Desert Schools Visa xxxxxxxxxxxx9530 (hereafter referred to as the second Desert Schools credit card); opened on July 1, 2011; listed as "closed" on CRA report as April 4, 2012, "at consumer's request."

Chase xxxxxxxxxxxx5633; opened on July 5, 2011; CRA states listed as, "Account information disputed by consumer and account closed by credit grantor." The CRA also states, "Meets requirements of Fair Credit Reporting Act."

Bank of America Visa xxxxxxxxxxxx0884; opened on August 31, 2011; "closed" in January of 2013; Equifax CRA states, "account closed by creditor grantor;" Experian CRA state, "this account is scheduled to continue on record until December 2022."

As a result of Defendant RODRIQUEZ'S fraudulent promises, the Plaintiff did sign an agreement to add Defendant RODRIQUEZ to Desert Schools Visa xxxxxxxxxxxx2513 as an authorized user. This was a credit card account Plaintiff exclusively held since 2007. The Plaintiff did this based on Defendant RODRIQUEZ's promise to pay his expenditures made on that card. When he failed to pay his expenditures, the Plaintiff telephoned the proper account representative listed on the account and made the request to remove Defendant RODRIQUEZ

from the account, of which the account representative stated compliance.  At no time did said representative indicate that a further step would be required in order to affect said removal.

Among the causes of action against Desert Schools Credit Union and Elan Financial Services is their compliance with the Plaintiff's verbal requests over the telephone to stop Defendant RODRIQUEZ's ability to make charges[2] and their subsequent reinstatement of Defendant RODRIQUEZ's ability without the knowledge or approval of the Plaintiff.  With the exception of account, Desert Schools Visa xxxxxxxxxxxx2513 from at or about July 5, 2011,[3] when her oral request as "primary" to remove "secondary" was approved, the transactions and occurrences between Defendant RODRIQUEZ and the aforementioned credit card issuers were wholly without the consent or approval of the Plaintiff.  The Plaintiff did not receive any monthly statements to her residence or any other local.  Accordingly, the Plaintiff had no idea that Defendant RODRIQUEZ was opening credit card accounts listing her name as a "primary" or "co" debtor against the Plaintiff's intent and authorization.

---

[2]On account xxxxxxxxxxxx2513, after Plaintiff verbally requested RODRIQUEZ's removal from the account, RODRIQUEZ was allowed to continue to make charges.  This so-called wrong-person error, or creditor's demand for payment on an account from someone who is allegedly not an obligor on the account, qualifies as a "billing error" under the Truth in Lending Act (TILA).  Truth in Lending Act, § 161(b)(1, 2), as amended, 15 U.S.C.A. § 1666(b)(1, 2).  *See, also Belmont v. Associates National Bank (Delaware)*,119 F.Supp.2d 149.

[3] Although the cover page for the authorization to add joint owner was dated July 5, 2011, the form Desert Schools Federal Credit Union provided does not list a date of execution (*See,* Exhibit 1).  Further, after the Plaintiff executed the form to enable RODRIQUEZ's joint ownership, the card issuer/servicer stopped mailing statements to the Plaintiff.  Since the form only provides for the address of the "secondary" card member and not the primary", it can be conjectured that the form facilitated the Plaintiff's inability to receive monthly statements.  The lack of date on the authorization to add joint owner former renders it void.

In regard to credit card accounts; Desert Schools Visa xxxxxxxxxxxx9530; Chase xxxxxxxxxxxx1563; Bank of America Visa xxxxxxxxxxxx0884, in none of these did the Plaintiff ever authorize in writing to be a co-signer, or co-obligor. In addition, in none of these alleged credit card accounts did Plaintiff execute any writing to assume the status of "primary" nor designate Defendant RODRIQUEZ as a "secondary". In addition, when Defendant RODRIQUEZ fraudulently reopened his ability to use Defendant credit card issuer accounts, Plaintiff repeatedly contacted Defendant credit card issuers who failed to prevent further fraudulent charges.

As was the case with Desert Schools Visa xxxxxxxxxxxx2513, when the PLAINTIFF became aware of the existence of these accounts, Plaintiff contacted each of the credit card entities directly and was given assurances that Defendant RODRIQUEZ would no longer be able to make purchases with said cards. In fact, Defendant RODRIQUEZ continued to make purchases with said credit cards and cash advances at a rate which made it clear from that Defendant RODRIQUEZ had never the intention of making payments on his charges. In addition to Defendant RODRIQUEZ's zest and rapidity for utilizing credit on fraudulent auspices, on several occasions he made bogus payments that allowed him to make further credit purchases and cash advances prior to the credit issuers debiting said bogus payments. This scheme in effect extended the credit limit of the credit card accounts in question without the knowledge or consent of the Plaintiff.

On November 27, 2012, Plaintiff notified Defendant credit card issuers in writing of the dispute arising and Plaintiff's efforts to resolve the dispute.[4]  *See,* Exhibit 2.  Plaintiff's written request to each of the credit card companies listed above, with the exception of Visa Signature account xxxxxxxxxxxx2513, requested receiving verification of the existence and proof that she is not the person responsible for the credit card debt in question.  In addition, the letter requested proof of the Plaintiff's legal agreement to the terms and conditions of being responsible for Defendant RODRIQUEZ's, according to 15 U.S.C.A. § 1666h(a), 12 C.F.R. § 226.12(d).  To date, Plaintiff received no answer from any of the Defendant credit card issuers.[5]

The acts of Defendant RODRIQUEZ as alleged in this complaint were done and performed wantonly, willfully, and maliciously without regard to their effect on the Plaintiff and were fraudulent. The Defendant RODRIQUEZ did on at or about June, 2011 falsely and fraudulently, and with intent to defraud the Plaintiff, represented to the Plaintiff that he would pay for all his credit card charges and take over said credit card issuer accounts in December of 2011 and remove Plaintiff from those accounts.  These representations were false in fact, and known to be false by the Defendant RODRIQUEZ at the time they were made. In truth and in

---

[4] This is the date of violation.  Section 1692k(d) of the FDCPA states that "an action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.  15 U.S.C.A. § 1640(e) of the TILA allows for the same.  In both equitable tolling of the one-year limitations period applies where the Plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Here, Defendant credit card issuer's continued failure to respond is representative of actively misleading the Plaintiff.
[5] Chase sent a letter which "rejected" Plaintiff's demand (*See,* Exhibit 3).

fact, Defendant RODRIQUEZ never intended to pay for his charges and intended to make the Plaintiff the victim of his fraud. Plaintiff was ignorant of the falsity of the representations, and believed them to be true. Plaintiff relied upon the representations, and was induced by his persuasive deceit to rely on his falsity.

The acts of Defendant credit card issuers as alleged in this complaint were done wantonly, willfully, and maliciously without regard to their effect on the Plaintiff, and in violation of the Truth in Lending Act, United States Code, Title 15, Section 1601 et seq., and Regulation Z, 12 C.F.R. § 226. Defendant credit card issuers have made and continue to make unlawful demand on Plaintiff for payment of the above-specified accounts, have made false and misleading statements to CRA's that Plaintiff would not pay her just debts, and has harassed Plaintiff at her home and place of employment in violation of the Fair Debt Collections Practices act, 15 U.S.C. 1601, et seq.

Defendants are liable to the Plaintiff for statutory damages, costs and attorney's fees.

Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof.

As a direct and proximate result of the herewith alleged acts and conduct of Defendants, Plaintiff's excellent credit rating has been impaired, and Plaintiff has suffered mental distress, mental suffering, and/or mental anguish, including depression, grief, fright, anxiety, worry, severe loss of sleep, loss of appetite, loss of concentration, and/or indignity, embarrassment, humiliation, and shame.

Plaintiff has been required to employ attorneys to defend and represent Plaintiff against the willful, wanton, and wrongful acts of Defendant credit card issuers described in this complaint, to Plaintiff's further damage.

Plaintiff has undergone, and will continue to undergo, additional expenses in the prosecution of this suit, including court costs, telephone calls, travel expenses, and the like, all to Plaintiff's further damage.

Plaintiff has suffered damages in an amount to be determined according to proof.

### JURISDICTION AND VENUE

1.      This court has jurisdiction of this action pursuant to 15 U.S.C.. § 1640(e).

2.      Plaintiff Norma P. Hernandez is and was a resident of Maricopa County Arizona at all times relevant herein.  Plaintiff resides at 413 West Monte Way, Phoenix, Arizona.

3.      Defendant Carlos C. Rodriquez on information and belief is a resident of the State of New Mexico, address currently unknown.   Defendant RODRIQUEZ was a resident of Maricopa County Arizona at all times relevant herein; Defendant resided at 508 South Spur, Mesa, Arizona 85204.

4.      Defendant Bank of America, NA, is a Delaware corporation, headquarters at 100 North Tryon Street, Charlotte, North Carolina 28255, doing business as Bank of America in Maricopa County, Arizona at all times relevant herein.

5.      Defendant Desert Schools Federal Credit Union, LLC, is an Arizona corporation, headquarters at 148 North 48th Street, Phoenix, Arizona 85034, doing business as Desert Schools Federal Credit Union in Maricopa County, Arizona at all times relevant herein.

6.     Defendant Elan Financial Services is a subsidiary of U.S. Bancorp, NA, a Delaware corporation, headquarters at 800 Nicollet Mall, Minneapolis, Minnesota 55402, doing business as Elan Financial Services in Maricopa County, Arizona at all times relevant herein. Elan Financial was and is the credit card issuer and processor for Desert Schools Credit Union.

7.     Defendant JP Morgan Chase Bank, NA,    Chase is a Delaware corporation, headquarters, 270 Park Avenue, New York, New York, doing business as Chase in Maricopa County, Arizona at all times relevant herein.

8.     Jurisdiction of this Court arises under 15 U.S.C. § 1640(e) and 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367 Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

9.     Venue in this District is proper in that the conduct complained of occurred here and Defendants transact business here.

## PARTIES

10.     Plaintiff, NORMA PLAINTIFF an individual residing in Arizona.  Plaintiff is a "consumer'' as defined by 15 U.S.C. 1692(a)(3).

11.     Defendants, CHARLIE C. RODRIQUEZ (RODRIQUEZ), an individual residing in New Mexico; BANK OF AMERICA, NA, a corporation; DESERT SCHOOLS FEDERAL CREDIT UNION, LLC, a corporation; JP MORGAN CHASE BANK, NA, a corporation; U.S. BANCORP, NA, a corporation.

12.     U.S. BANCORP is the owner of ELAN FINANCIAL SERVICES which is the credit card issuer and processor for DESERT SCHOOLS FEDERAL CREDIT UNION.  Any

reference hereinafter to ELAN FINANCIAL SERVICES without further qualification is meant by the Plaintiff to refer to U.S. BANCORP.

13.     Any reference hereinafter to "credit card issuer Defendants" without further qualification is meant by the Plaintiff to refer to each Defendant named above with the exception of RODRIQUEZ.

**FACTUAL ALLEGATIONS**

14.     Plaintiff held a consumer credit card account with DESERT SCHOOLS FEDERAL CREDIT UNION since 2008.

15.     Defendant RODRIQUEZ met Plaintiff in or about September 2010 when they began working at Apria Health Care, 1150 West Washington Street, Suite 101, Tempe, Arizona, 85281.  Both Defendant RODRIQUEZ and Plaintiff began their employment at approximately the same time and were placed in the same training group.  From interaction at the workplace, Defendant RODRIQUEZ and Plaintiff developed a plutonic friendship.

16.     Sometime in early 2011, Defendant RODRIQUEZ approached Plaintiff and asked to her to loan him $200.00.  He stated that he was short of money due to alimony and child care.  Plaintiff lent him the money based solely on Defendant RODRIQUEZ's promise to pay her back.  Shortly thereafter, Defendant RODRIQUEZ did pay Plaintiff back the $200.00.

17.     On or about June, 2011, Defendant RODRIQUEZ approached Plaintiff at work to again ask her to help him.  This time he requested to be added to her existing, since 2008, DESERT SCHOOL'S FEDERAL CREDIT UNION credit card, of which ELAN FINANCIAL SERVICES was the creditor, issuer and service provider.  Defendant RODRIQUEZ represented

to Plaintiff that he needed money to pay various bills and was desperate and because of alimony and child support and did not have good enough credit to obtain a credit card under his name alone.  Rather than create a written contract, he assured Plaintiff not to worry and promised to pay his charges by signing over a portion of his paycheck to cover the charges.  In addition, Defendant RODRIQUEZ stated that he knew how credit cards work and had expertise based on past experience.  He further stated that after six months' time, he would sign Defendant credit card issuer's forms enabling legal conversion to him being the sole obligor and individual listed on the credit card.[6]  This would accomplish the overall goal the Defendant RODRIQUEZ had presented to the Plaintiff, to have his own individual credit card.  He also stated that this process would actually improve Plaintiff's credit score[7].  In reliance on Defendant RODRIQUEZ's representations, on or about June, 2011 acted in what she thought was in compliance with Defendant RODRIQUEZ's request and added him to her existing Desert School's credit card as an authorized user.  Just prior to July 5, 2011, Defendant RODRIQUEZ approached the Plaintiff.  Unsatisfied with being merely an authorized user, he insisted to be added as a joint owner.[8]  On July 5, 2011, Plaintiff signed a form provided to her from DESERT SCHOOL'S FEDERAL CREDIT UNION to add Defendant RODRIQUEZ as a "joint owner."

---

[6] Defendant RODRIQUEZ made the same promises involving the other four Defendant credit card issuer accounts at issue.
[7] Defendant RODRIQUEZ told the PLAINTIFF about a former co-worker whom he had a similar arrangement and improved her credit limit from to in six months' time.
[8] This was for no other purpose, but to facilitate Defendant RODRIQUEZ's ability to impose several series of fraudulent acts, such as reopening Defendant credit card issuer's accounts, after PLAINTIFF had closed them.

18.     At the time Defendant RODRIQUEZ was authorized to be a "joint owner" Plaintiff had a balance on the credit card of $1,354.61.  With the understanding that the DESERT SCHOOLS FEDERAL CREDIT UNION credit card was to become solely Defendant RODRIQUEZ's in six months' time, even though Plaintiff was a "joint owner," she at no time ever made a single charge on the credit card again.  In addition, at no time was she ever a beneficiary of any of the charges Defendant RODRIQUEZ made.

19.     All statements from all credit card issuer Defendants were mailed to Defendant RODRIQUEZ's address of 508 Spur Avenue, Mesa, Arizona, 85204 and not to Plaintiff's residence at 413 West Monte Way, Phoenix, Arizona, 85041 as was done prior to Defendant RODRIQUEZ being added to the credit card.[9]  In addition, Defendant RODRIQUEZ did not provide copies of the billing statements to Plaintiff and she had no knowledge of the extent and type of charges he was making on the credit card.[10]

20.     The Defendant RODRIQUEZ apparently had big spending plans and wasted no time in maximizing his ability to make more credit card transactions at the expense of the Plaintiff.  With his new status on the existing credit card account, the Defendant RODRIQUEZ apparently sensed a new opportunity.  On July of 2011, Defendant RODRIQUEZ approached the Plaintiff at work and forcefully represented to the Plaintiff that it would be in his and her best

---

[9]In orchestrating his ability to quickly make charges to places such as Babes Cabaret, Skin Cabaret, rental cars and continuous shopping sprees, RODRIQUEZ made sure that the statements were only mailed to his address and not to PLAINTIFF.  Accordingly, PLAINTIFF had no knowledge of the extent, frequency and nature of the credit card charges RODRIQUEZ was making.

interest to open a second card with Defendant DESERT SCHOOLS FEDERAL CREDIT UNION.  On reliance of Defendant RODRIQUEZ's representations and promises, the Plaintiff initially agreed and signed a form to allow said.[11]   After which, Defendant RODRIQUEZ quickly left Plaintiff's work station.  That same day, common sense prevailed upon the Plaintiff and she approached Defendant RODRIQUEZ to tell him she had changed her mind on authorizing her to be a primary on the proposed second credit card and that she did not want it.  Defendant RODRIQUEZ replied that it was too late, he already faxed the form.  Either that same day or a few days later, Plaintiff spoke to a Lori in the DESERT SCHOOLS FEDERAL CREDIT UNION underwriting department to cancel said account.  Plaintiff reiterated that she did not want second account and Lori confirmed that the account would not be opened without her approval.[12]

21.    Defendant RODRIQUEZ was racking up huge credit card bills, he continued to represent that he would pay them.  Based on this, on or about July 5, 2011, Plaintiff opened a new credit card with CHASE.  The purpose of the CHASE account was to transfer a $10,000

---

[11] Plaintiff requested copies of both the first and second forms from Desert Schools Federal Credit Union in a letter dated November 27, 2012.  Defendant credit card issuer DESERT SCHOOLS FEDERAL CREDIT UNION has never complied.
[12] Plaintiff only learned about Defendant RODRIQUEZ's excessive charges on the first Desert Schools account and that the second Desert Schools account was opened and being used when she received a telephone voicemail between August 1, 2011 – August 22, 2011 from a Jonathan in the fraud department stating that Defendant RODRIQUEZ had made a series of fraudulent payments of $28,000. *See*, Exhibit 4.   Jonathan also informed her that the minimum payment was due and the PLAINTIFF should pay it now, the Plaintiff agreed and Jonathan then asked which card Plaintiff wanted the minimum to go to.   It was then that she learned the existence of the second card which had racked up thousands of dollars of charges.

balance[13] from DESERT SCHOOLS FEDERAL CREDIT UNION credit card that would be interest free for one year.  Once again, approached and convinced that it would be beneficial to Plaintiff to add his name to Defendant RODRIQUEZ's existing credit card with CHASE, in violation of Unfair and Deceptive Co-signer Practices Act, 12 CFR § 535.13.   Defendant credit card issuer CHASE did not provide Plaintiff proper disclosure of her obligations on the account.

22.     After receiving authorization to joint ownership of the DESERT SCHOOLS FEDERAL CREDIT UNION credit card after July 5, 2011, Defendant RODRIQUEZ made charges totaling $9,210.36 as of July 21, 2011 when his first billing period ended.  In the second billing period from July 22, 2011 through August 22, 2011, Defendant RODRIQUEZ made charges totaling $10,564.97.  Contrary to his representations of requesting to be added to credit card to establish his own credit and pay a few bills, Defendant RODRIQUEZ's billing statement indicates a contrary intent.  Among itemized charges during this period include a charge for $1,754.03 for a three night stay in a luxury Paradise Valley, Arizona resort, a $360 charge for Le Girls Caberet a $2,000 charge for Ciao Bella Medical Spa and $1,500 in cash advances.  Also included in these two statements are multiple charges for a trip to Disneyland and extensive shopping sprees.

23.     The DESERT SCHOOLS FEDERAL CREDIT UNION – ELAN FINANCIAL SERVICES July 22, 2011 through August 22, 2011 statement lists, (*See,* Exhibit 4) as  recorded under the billing transaction leger as "payment thank you" six separate payments made and

---

[13] Balance transfer of $10,000 from Desert Schools Federal Credit Union account xxxxxxxxxxxx2513 to Chase account xxxxxxxxxxxx7357 was done on August 30, 2011.

16

transacted between August 1, 2011 and August 22, 2011 which total  $28,000.  These payments were made by Defendant RODRIQUEZ in a yet to be determined bogus and fraudulent scheme. All bogus and fraudulent payments credits were subsequently reversed by card issuer between five and six days after they were credited.  At no time was the credit card account put on hold and at no time was Plaintiff notified of the fraudulent payment activity.

24.    On or about September of 2011, Defendant RODRIQUEZ opened a BANK OF AMERICA credit card without the knowledge or authorization of Plaintiff.  No obligation of co-signer form was ever sent or completed by Plaintiff.[14]

25.  Upon receiving the July 29, 2011 voicemail (*See,* footnote 11), pertaining to Defendant RODRIQUEZ's $28,000 in bogus credit card account payments on the first DESERT SCHOOLS FEDERAL CREDIT UNION card.  Plaintiff immediately telephoned the underwriting department of DESERT SCHOOLS FEDERAL CREDIT UNION to close the second credit card account.  Specifically, Plaintiff spoke to a Lori or Sandy on August 1, 2011 or August 2, 2011 and received acknowledgement that the second card was closed.  No representative of DESERT SCHOOLS FEDERAL CREDIT UNION or ELAN FINANCIAL SERVICES ever communicated to Plaintiff that other steps such as providing notice in writing or the like were needed to cancel or keep closed the second card.  As Plaintiff was told the account was closed and would remain closed she had no reason to believe it would be reopened.  She did

---

[14] At or about September of 2011 Plaintiff received a call from a representative of Defendant BANK OF AMERICA stating that an account has been opened in her name.  At that time, she indicated a contrary intent and stated that she did not want the account opened under any circumstances.

however, contact the credit card issuer several more times in the next two weeks to make sure the account remained closed.

26.     When Plaintiff expressed her dismay that the second credit card account was opened without her authorization and knowledge, the representative at DESERT SCHOOLS FEDERAL CREDIT UNION stated that Defendant RODRIQUEZ had made the request to open the second credit card account and Defendant RODRIQUEZ had authority to open the credit card without Plaintiff's approval.

27.     The description of the transactions Defendant RODRIQUEZ made on the second DESERT SCHOOLS FEDERAL CREDIT UNION credit card detailed purchases such as Nordstrom Department Store, a trip to San Diego, California, and a shopping spree at Tiffany & Company.

28.     After repeated attempts by Plaintiff to get Defendant RODRIQUEZ to honor his verbal agreement and make payments on his credit card charges out of his paycheck, on or about March of 2012, Defendant RODRIQUEZ fraudulently agreed to do so.  As such, Plaintiff agreed to provide Defendant RODRIQUEZ her checking account number and routing information to necessitate monthly transfers through their mutual employer's payroll.

29.     Plaintiff never gave authority and or pin number in which to allow Defendant RODRIQUEZ to take money out of her personal debit account.   However, Defendant RODRIQUEZ did so on several occasions, which totaled approximately $1,900.  In addition, Defendant DESERT SCHOOLS FEDERAL CREDIT UNION did allow Defendant to withdraw said funds on several occasions.  As a result, Plaintiff had to close her debit account.

30.     At the close of the December 23, 2011 through January 24, 2012 billing cycle for the second DESERT SCHOOLS FEDERAL CREDIT UNION credit card, Defendant RODRIQUEZ had charged $6,921.10 from the credit limit of $7,000.

31.     On or about February, 2012, and prior to February 9, 2012, Defendant RODRIQUEZ was criminally charged under A.R.S. §28-1381 (A)(1) for driving under the influence of intoxicating liquor or illegal or illicit drugs with extreme.

32.     On February 9, 2012, Defendant RODRIQUEZ made another bogus and fraudulent payment in a yet to be determined manner which was recorded under the billing transaction leger as "payment thank you" for $2,510.00.  Subsequently, on February 15, 2012 the payment of $2,510.00 was reversed as a debit adjustment (*See,* Exhibit 5).  In between this time on February 10, 2012, Defendant RODRIQUEZ successfully made a cash advance of $1,700. Such advance was unauthorized and took the account over the set credit limit of $7,000. Accordingly, the balance of the credit card account was $9,616.09 as of March 23, 2012.

33.     From legal consultation, Plaintiff executed letters send by registered mail to each of the Defendant credit card entities (*See,* Exhibit 2) providing written notice that a billing error exists and she did not legally and properly agree to the terms of the alleged debts.  In addition, the letters demanded production of documentary evidence including any application, contract or agreement expressly authorizing each to collect any and all specific amounts of alleged debt of Plaintiff.  The letters also requested transcripts of any and all oral communications received or sent to the credit issuers from Plaintiff.  Finally, the letters requested receipt of any and all

19

communication with any and all consumer reporting agency or agencies pertaining to Plaintiff's alleged debt.

34.    Of the three credit card issuer Defendants, only CHASE provided any response to Plaintiff's request (*See,* Exhibit 3).  The CHASE response, however, was a rejection of Plaintiff's demand.  The CHASE response detailed that they elected to close the account and instructed Plaintiff to continue making at least the minimum payments on the account to keep current.

35.    On February 1, 2013, Plaintiff sent letters by registered mail to each of the three credit reporting agencies; Equifax, Experian and TransUnion Consumer Solutions (*See,* Exhibit 6).  The letters put the agencies on notice that she did not owe the credit card debt in question.  Among other items, the letters stated that when she became aware of the debt she notified the Defendant credit card issuers.  The letters also requested a verification and review of the credit card account activity.

36.    To date, Plaintiff has not received a response from the February 1, 2013 letters, either from the credit reporting agencies or the Defendant credit card issuers.

37.    Plaintiff feared harassment and continued to pay minimums, based on her inability to get anywhere with Defendant credit card issuers and Defendant RODRIQUEZ.

38.    In January of 2013, Plaintiff stopped paying minimums.

39.    At or about March of 2013, Defendant credit card issuer DESERT SCHOOLS CREDIT UNION and CHASE began calling Plaintiff's cellular telephone at work against her consent.

## COUNT I

### BREACH OF TRUTH AND LENDING ACT

### (AS TO CREDIT CARD ISSUER DEFENDANTS)

40.     Plaintiff reincorporates all prior paragraphs into the unified Complaint.

41.     Plaintiff brings this action pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq, 15 U.S.C. §§ 1640(a)(2)(A), 1640(a)(3) and 1666(e), to recover amounts that Defendant credit card issuers charged against Plaintiff to cover unauthorized charges made by Defendant RODRIQUEZ.  Under 15 U.S.C. § 1643, a cardholder shall be liable for the unauthorized use of a credit card only if:

(A) the card is an accepted credit card; (B) the liability is not in excess of $50; (C) the card issuer gives adequate notice to the cardholder of the potential liability; (D) the card issuer has provided the cardholder with a description of a means by which the card issuer may be notified of loss or theft of the card, which description may be provided on the face or reverse side of the statement required by section 1637(b) of this title or on a separate notice accompanying such statement; (E) the unauthorized use occurs before the card issuer has been notified that an unauthorized use of the credit card has occurred or may occur as the result of loss, theft, or otherwise; and (F) the card issuer has provided a method whereby the user of such card can be identified as the person authorized to use it. (2) For purposes of this section, a card issuer has been notified when such steps as may be reasonably required in the ordinary course of business to provide the card issuer with the pertinent information have been taken, whether or not any particular officer, employee, or agent of the card issuer does in fact receive such information.  (b) Burden of proof: In any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is upon the card issuer to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a) of this section, have been met. (c) Liability imposed by other laws or by agreement with issuer: Nothing in this section imposes liability upon a cardholder for the unauthorized use of a credit card in excess of his liability for such use under other applicable law or under any agreement with the card issuer. (d) Exclusiveness of liability: Except as provided in this section, a cardholder incurs no liability from the unauthorized use of a credit card.

The elements of an "unauthorized use," as defined in sec. 15 U.S.C. sec. 1602(o), are:

(1) The use of a credit card by a person other than the cardholder, (2) the other person does not have actual, implied or apparent authority for such use and (3) the cardholder receives no benefit from such use. Because the elements are conjunctively stated, all three must be met.

A credit information furnisher's duties under 15 U.S.C. § 1681s–2(b) are triggered by a CRA's notice that a consumer disputes a credit report item to require the furnisher to investigate and report back to the credit reporting agency within time permitted under 15 U.S.C. § §1681i(a)(1) for the credit reporting agency to conclude its own investigation. See 15 U.S.C. §§ 1681s–2(b)(1), (2).  Here, the Plaintiff made such a request on February 1, 2013 to all three CRA's (*See,* Exhibit 6).

42.     Plaintiff on several occasions did notify Defendant credit card issuers that she had terminated the actual authority which she had previously given Defendant RODRIQUEZ to use the credit cards in question.  Defendant credit card issuers have procedures whereby a person who has reason to believe that someone is using their card without authorization can telephone and "block" transactions. Defendant credit card issuers did not avail themselves of those procedures.  The use of the credit cards by Defendant RODRIQUEZ was without Plaintiff's knowledge or approval per 15 U.S.C. § 1602(o). The Plaintiff did not benefit from any and all credit card purchases made by Defendant RODRIQUEZ.  Therefore, Defendant RODRIQUEZ had no more apparent authority under these facts than would a thief with whom Plaintiff had had no previous dealings.

43.     WHEREFORE, Plaintiff having fully pled her claims against the Defendant RODRIQUEZ under Count I, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant credit card issuers as follows:

A. Awarding all allowable actual damages resulting from Defendant credit card issuers unlawful acts;

B. Awarding punitive or exemplary damages in an amount sufficient to deter the Defendant credit card issuers or others similarly situated from engaging in the conduct alleged in Count III; and

C. Such other or further relief as the Court deems just and proper under the circumstances.

**COUNT II**

**BREACH OF FAIR CREDIT REPORTING ACT**

**(AS TO CREDIT CARD ISSUER DEFENDANTS)**

44. Plaintiff reincorporates all prior paragraphs into the unified Complaint.

45. The Fair Credit Reporting Act (FCRA) forbids reporting information the reporter knows, or should know is false. 15 U.S.C. § 1681s-2(a). Additionally, the law forbids collecting or attempting to collect anything not expressly authorized in the original agreement creating the debt. The law also places upon the Defendant credit card issuers the obligation to establish the terms of the original agreement.

46. Here, Defendant credit card issuers truly attempted to establish the express terms of the original agreement as required by law, it knew there was no obligation because there existed no original agreement, supported by consideration, between the Plaintiff and Defendant RODRIQUEZ. Despite knowing, or being under an onus to know, that there was no contract privity between the Plaintiff and the Defendant credit card issuers, the Defendant credit card issuers deceptively reported the obligation to the CRAs anyway as a method of trying to collect money it was not owed from the Plaintiff (*See*, Exhibit 7). In the alternative, the Defendant credit card issuers were grossly negligent in ascertaining the legal status of the Plaintiff with

regard to the credit card account and should have known the information it was reporting was false and the debt non-existent.  Either way, the Defendant reported information it knew was false or that it should have known was false.

## **Punitive Damages**

47.     To prevail on willful noncompliance claim and recover punitive damages under the FCRA for Defendant credit card issuer's failure to properly reinvestigate disputed debt, Plaintiff (consumer) must show that defendant knowingly and intentionally did not investigate the disputed debt in conscious disregard for her rights.  *See, Akalwadi v. Risk Management Alternatives, Inc.,* 336 F.Supp.2d 492 (D.Md. 2004).

48.     Here, the Plaintiff sent certified letters to each of the credit reporting agencies; Equifax, Experian and TransUnion (*See*, Exhibit 6) on February 1, 2013 in compliance with the FCRA.  The letters detailed that the Plaintiff did not owe the debts incurred on the Defendant credit card issuer accounts and asked for verification of each of the accounts as required by the FRCA.  None of the Defendant credit card issuers made any response.  This was the second time the Defendant credit card issuers were contacted.  On November 27, 2012, Plaintiff executed letters to each of the Defendant credit card entities (*See*, Exhibit 2) providing written notice that a billing error exists and she did not legally and properly agree to the terms of the alleged debts. In addition, the letters demanded production of documentary evidence including any application, contract or agreement expressly authorizing each to collect any and all specific amounts of alleged debt of Plaintiff.   The letters also requested transcripts of any and all oral communications received or sent to the credit issuers from Plaintiff.  Finally, the letters requested

24

receipt of any and all communication with any and all consumer reporting agency or agencies pertaining to Plaintiff's alleged debt.  Of the three credit card issuer Defendants, none provided any legal response to Plaintiff's requests.

49.     The Defendant credit card issuer's complete lack of response to Plaintiff's request to investigate the alleged credit card debt of the Plaintiff and their failure to even provide proof of the existence of said debt is indicative of a complete conscious, knowingly and intentional failure to investigate the disputed debt in disregard of Plaintiff's rights under the FCRA.

50.     WHEREFORE, Plaintiff having fully pled her claims against the Defendant RODRIQUEZ under Count II, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant credit card issuers as follows:

A. Awarding Plaintiff all allowable actual damages resulting from Defendant credit card issuer's violations of the FCRA, 15 U.S.C. §1681;

B. Awarding punitive or exemplary damages in an amount sufficient to deter the Defendant credit card issuers or others similarly situated from engaging in the conduct alleged in Count IV; and

C. Such other or further relief as the Court deems just and proper under the circumstances.

**COUNT III**

**BREACH OF FEDERAL TRADE COMMISSION RULE REGARDING UNFAIR OR**

**DECEPTIVE COSIGNER PRACTICES**

**(AS TO CREDIT CARD ISSUER DEFENDANT BANKS)**

25

51.     Plaintiff reincorporates all prior paragraphs into this Complaint.

52.     The Code of Federal Trade Commission Regulation 16 C.F.R. § 444.3, Chapter I, Subchapter D, for unfair or deceptive cosigner practices pertaining to banks, and Code of Federal Trade Commission Regulation 12 C.F.R. § 706.3, Chapter VII, National Credit Union Administration Subchapter A pertaining to regulations affecting credit unions and regarding unfair or deceptive acts or practices for banks and credit unions states:

§ 706.3 Unfair or deceptive cosigner practices.
(a) In connection with the extension of credit to consumers in or affecting commerce, as commerce is defined in the Federal Trade Commission Act, it is:
(1) A deceptive act or practice within the meaning of Section 5 of that Act for a lender or retail installment seller, directly or indirectly, to misrepresent the nature or extent of cosigner liability to any person.
(2) An unfair act or practice within the meaning of Section 5 of that Act for a lender or retail installment seller, directly or indirectly, to obligate a cosigner unless the cosigner is informed prior to becoming obligated, which in the case of open end credit shall mean prior to the time that the agreement creating the cosigner's liability for future charges is executed, of the nature of his or her liability as cosigner.
(b) Any lender or retail installment seller who complies with the preventive requirements in paragraph (c) of this section does not violate paragraph (a) of this section.
(c) To prevent these unfair or deceptive acts or practices, a disclosure, consisting of a separate document that shall contain the following statement and no other, shall be given to the cosigner prior to becoming obligated, which in the case of open end credit shall mean prior to the time that the agreement creating the cosigner's liability for future charges is executed:
Notice to Cosigner
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
Federal Trade Commission Regulation 16 § 444.3, Chapter I, Subchapter D for unfair or deceptive cosigner practices further states:
You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount." The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default,

26

that fact may become a part of your credit record.  This notice is not the contract that makes you liable for the debt."  (References § 5:21. Credit Practices Rules) The Credit Practices Rule also prohibits certain practices in connection with cosigners of consumer obligations.

53.     Here, with the exception of Desert Schools Visa xxxxxxxxxxxx2513, Plaintiff was not a co-signer or authorized user on the other three credit card accounts in question.  In regard to credit card accounts; Desert Schools Visa xxxxxxxxxxxx9530;  Chase xxxxxxxxxxxx1563; Bank of America Visa xxxxxxxxxxxx0884, in none of these did Plaintiff either sign documents or executed any contract or agreement which would make her a legal joint-obligor or otherwise liable for Defendant RODRIQUEZ's credit card transactions.  At best she was a permissive user who did not even use the credit card.  In addition, in none of these alleged credit card accounts did Plaintiff execute any writing to assume the status of primary, nor designate RODRIQUEZ as a secondary.  Finally, in no instance did Plaintiff receive or execute a form or agreement which complies to the requirements of Federal Trade Commission Regulation 16 § 444.3, Chapter I, Subchapter D, for unfair or deceptive cosigner practices.  By not doing so, Defendant credit card issuers committed deceptive co-signer practice in violation of rule.

54.     WHEREFORE, Plaintiff having fully pled her claims against the Defendant credit card issuers under Count V, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant credit card issuers as follows:

A. Awarding Plaintiff all allowable actual damages resulting from Defendant credit card issuer's unlawful acts;

27

B. Awarding punitive or exemplary damages in an amount sufficient to deter the Defendant credit card issuers or others similarly situated from engaging in the conduct alleged in Count III; and

C. Such other or further relief as the Court deems just and proper under the circumstances.

## COUNT IV

### FRAUD, FRAUDULENT CONCEALMENT, PROMISORY ESTOPPEL

### (AS TO DEFENDANT RODRIQUEZ)

### Fraud

55.    Plaintiff reincorporates all prior paragraphs into this Complaint.

56.    For an oral debt on an open credit card issuer account where the indebtedness is not evidenced by a contract in writing, per A.R.S. § 12-543, relief from the statute of frauds can be granted on the grounds of fraud or mistake under a three year limitation.

57.    To establish actionable fraud, a plaintiff must show that the defendant made a false, material representation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damage.  In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fraud claim could be based on promise to perform future acts with a present intention not to perform. *See, Parks v. Macro-Dynamics, Inc.* 121 Ariz. 517, 591 P.2d 1005 (App. Div.2 1979).

58.     On or about July of 2011, the Defendant RODRIQUEZ falsely and fraudulently, and with intent to defraud the Plaintiff, represented to the Plaintiff that he needed to establish credit due to the particulars of alimony and child support.   The Defendant RODRIQUEZ further falsely and fraudulently with intent to defraud the Plaintiff, represented to the Plaintiff that in return for adding him to credit issuer accounts obtained in Plaintiff's name, the Defendant RODRIQUEZ would pay his charges by signing over a portion of his paycheck to cover the charges.  In addition, RODRIQUEZ stated that he knew how credit cards work and had expertise based on past experience of which Plaintiff relied on.  He further falsely and fraudulently stated that after six months' time, he would convert the card over to himself and thereby have his own individual credit card.  The Defendant RODRIQUEZ's representations were material as they led the Plaintiff to believe that her obligations and rights would be protected by the Defendant RODRIQUEZ's promise.

59.     The representations made by Defendant RODRIQUEZ were false in fact, and known to be false by the Defendant at the time they were made. In truth and in fact, Defendant RODRIQUEZ directly and immediately contradicted his promises to Plaintiff; that he wanted to establish credit, he would be using the credit cards the Plaintiff facilitated on a limited basis, he would pay for his charges on an on-going basis and that he would take over the credit cards and remove Plaintiff from the credit card accounts after six months.

60.     The Defendant RODRIQUEZ never made a single credit card transaction relating to the promise of paying child support and alimony.  In addition, Defendant RODRIQUEZ never made a single payment to any credit card issuer as promised to the Plaintiff and in fact made several fraudulent payments that resulted in further debt.

61.     Plaintiff was ignorant of the falsity of the representations of Defendant RODRIQUEZ, and believed them to be true.  Plaintiff relied upon the representations, and at or about July 5, 2011 added through a written form provided by the credit card issuer, Defendant RODRIQUEZ to Desert Schools Visa xxxxxxxxxxxx2513.  In the ensuing months, Defendant RODRIQUEZ uses various techniques of fraud, guile, deception, pressure and timing to get the Plaintiff to verbally approve Defendant RODRIQUEZ in effect, being added to addition credit card accounts.  These credit card accounts include; Desert Schools Visa xxxxxxxxxxxx9530, opened on or about July 1, 2011; Chase xxxxxxxxxxxx5633; opened on July 5, 2011; Bank of America Visa xxxxxxxxxxxx0884 opened on August 31, 2011.

62.     Plaintiff had a right to rely on Defendant RODRIQUEZ's promises to pay his credit card transaction charges as he demonstrated good faith as a co-worker and friend.  Prior to his fraudulent acts, he borrowed $200.00 from the Plaintiff and paid her back.  On information and belief, the Defendant RODRIQUEZ borrowed the money and paid her back as part of his scheme to defraud the Plaintiff.

63.     At no time did the Plaintiff receive any monthly statements to her residence or any other local she had access to.  On information and belief, Defendant RODRIQUEZ contacted

the credit card issuers to remove the Plaintiff from receiving the monthly billing statements without the Plaintiff's permission, authorization or knowledge.  Accordingly, Plaintiff had a right to rely on Defendant's original promises through the period of Defendant's defrauding acts.  At the time of the Plaintiff discovering Defendant RODRIQUEZ's excessive credit card charges and her realization that he was not willing to make payments on his charges, the Plaintiff made several attempts to remove Defendant RODRIQUEZ from the credit card accounts.  On information and belief, Defendant RODRIQUEZ perpetuated fraud not only against the Plaintiff, but against Defendant credit card issuers as well.  This was accomplished by Defendant RODRIQUEZ by employing a female caller to credit card issuers posing as the Plaintiff and on information and belief, forging Plaintiff's signature.

64.    Plaintiff did not know that the representations made by Defendant RODRIQUEZ were false.

65.    Plaintiff relied on the truth of Defendant RODRIQUEZ's representations.

66.    Plaintiff's reliance was reasonable and justified under the circumstances and as a result, the Plaintiff was harmed by the incurred debt, damage to her credit and emotional trauma.

67.    The imposition of punitive damages serves to punish the defendant and deter unlawful conduct.  Where the defendant's fraudulent conduct was intentional as well as willfully indifferent, a punitive damage award has been held to further that purpose.  Here, the timing, degree and extent of Defendant RODRIQUEZ's credit card transactions at issue were such to indicate not only intentional, but willful indifferent disregard to fraudulent oral promises to the Plaintiff.

**Promissory Estoppel**

68.     The doctrine of promissory estoppel applies to this case and defeats the Statute of Frauds, A.R.S. § 44-101.  In Arizona, the doctrine of promissory estoppel applies to a contract otherwise barred by the Statute of Frauds, "where a promise has been made not to rely on the Statute," that is, where the party asserting the Statute of Frauds defense has misrepresented that the statute's requirement have been met or promises to put the agreement in writing. *Tiffany Inc. v. W.M.K. Transit Mix, Inc.,* 16 Ariz.App. 415, 421, 493 P.2d 1220, 1226 (1972). Promissory estoppel is applied to defeat the Statute of Frauds only where there is a second promise not to rely on the statute. Id.  On or about July of 2011, Defendant RODRIQUEZ approached Plaintiff at work to ask her to help him.  Defendant RODRIQUEZ requested to be added to her existing DESERT SCHOOL'S FEDERAL CREDIT UNION credit card, of which ELAN FINANCIAL SERVICES was the creditor, issuer and service provider. The Defendant RODRIQUEZ represented to Plaintiff that he needed money to pay various bills and was desperate and because of alimony and child support and did not have good enough credit to obtain a credit card under his name alone.  Defendant RODRIQUEZ stated that he knew how credit cards work and had expertise based on past experience.  He further stated that after six months' time, he would convert the card over to himself and thereby have his own individual credit which would preclude the need for a specific written agreement between the Plaintiff and Defendant RODRIQUEZ.  In reliance on Defendant RODRIQUEZ's representations, on or about July 5, 2011, Plaintiff signed a form provided to her from DESERT SCHOOL'S FEDERAL CREDIT UNION to add RODRIQUEZ as a "joint owner".

69.     The Plaintiff is requesting attorney's fees under promissory estoppel.   Under A.R.S. § 12-341.01, the fact that the defendants defend and prove the non-existence of a contractual relationship does not preclude awarding the successful defendants' attorneys' fees under the statute. *See, Trebilcox v. Brown & Bain, P.A.,* 133 Ariz. 588, 591, 653 P.2d 45, 48 (App.1982), citing *Shirley v. Hartford Accident & Indem. Co.,* 125 Ariz. 70, 71, 607 P.2d 389, 390 (App. 1979).

70.     WHEREFORE, Plaintiff having fully pled her claims against the Defendant RODRIQUEZ under Count IV, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant RODRIQUEZ as follows:

     A.  Awarding Plaintiff all allowable actual damages resulting from Defendant RODRIQUEZ's unlawful acts;

     B.  Awarding punitive or exemplary damages in an amount sufficient to deter the Defendant RODRIQUEZ or others similarly situated from engaging in the conduct alleged in Count I; and

     C.  Such other or further relief as the Court deems just and proper under the circumstances.

## COUNT V

### AIDING AND ABETTING FRAUD, FRAUDULENT CONCEALMENT

### (AS TO CREDIT CARD ISSUER DEFENDANTS)

71.     Plaintiff reincorporates all prior paragraphs into the unified Complaint.

72.     Aiding and abetting fraud does not require the existence of a duty.  *See, Wells Fargo Bank v. Arizona Laborers,* 201 Ariz. at 474, 498-500, 38 P.3d 12, 36-37 (2002).  At most, Plaintiff must show the Defendant credit card issuers knew his or her conduct aided and abetting a tort.  *Id.; See,* also, *Dawson v. F.Keith Withycombe, et al.,* 216 Ariz. 84, 163 P.3d 1034 (Ariz. Ct. App. 2007).  Finally, such knowledge may be inferred from circumstantial evidence.  *Wells Fargo, supra,* 201 Ariz. at 485, 28 P.3d at 25.

73.     In the case at bar, Defendant credit card issuers DESERT SCHOOLS FEDERAL CREDIT UNION, ELAN FINANCIAL SERVICES, BANK OF AMERICA and CHASE have concealed and continue to conceal records and call histories pertaining to the Plaintiff's obligation to pay Defendant RODRIQUEZ's credit card debts.  Plaintiff had made two separate requests from Defendant credit card issuers to receive any and all information pertaining to the Plaintiff's legal obligation (*See,* Exhibits 2 and 6).  None of the Defendant credit card issuers provided any said information in violation of FCRA and TILA.

74.     In addition, Defendant credit card issuers did not properly respond to the Plaintiff's repeated requests and warnings to keep the credit card accounts in question closed.  The Defendant credit card issuers failed to verify oral and written requests which were fraudulently made by Defendant RODRIQUEZ or an unknown female conspirator posing as Plaintiff or Plaintiff's identity or even make any investigation of Defendant RODRIQUEZ's alleged defalcation.  On information and belief, these include oral and written requests to reopen accounts and send all account statements to one single address which was solely Defendant RODRIQUEZ's residence and not to Plaintiff's address.  After Plaintiff had repeatedly notified

Defendant credit card issuers, Defendant credit card issuers failed to even inquire with Plaintiff about an alleged defalcation.

**Fraudulent Concealment**

75.     One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation, Restatement (Second) of Torts § 525 (1976 Main Vol). The elements of fraudulent concealment are: (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages. *See, Hisel v. Upchurch,* 797 F.Supp. 1509, 1523 (D.Ariz.1992).

76.     The Plaintiff here has carried their burden of establishing all of these elements. The Defendant credit card issuers should have disclosed to the Plaintiff that additional steps may have been needed to stop Defendant RODRIQUEZ from using the credit card accounts. The credit card issuer Defendant's had knowledge that the credit card accounts could be reopened without Plaintiff's knowledge and consent. In addition, in the face of the Plaintiff's adamant and desperate attempts to stop Defendant RODRIQUEZ from making purchases with Defendant credit card issuers accounts and the financial incentive that credit card purchases continue to be

35

made, the Defendant's manifest a specific intent that the credit cards in question would continue to be used. Finally, Plaintiff has suffered considerable damages.

77.     WHEREFORE, Plaintiff having fully pled her claims against the Defendant RODRIQUEZ under Count II, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant RODRIQUEZ as follows:

    A.  Awarding Plaintiff all allowable actual damages resulting from Defendant RODRIQUEZ's unlawful acts;

    B.  Awarding punitive or exemplary damages in an amount sufficient to deter the Defendant RODRIQUEZ or others similarly situated from engaging in the conduct alleged in Count V; and

    **C.**  Such other or further relief as the Court deems just and proper under the circumstances.

## COUNT VI

### BREACH OF ARIZONA STATUTE OF FRAUDS

### (AS TO CREDIT CARD ISSUER DEFENDANTS AND RODRIQUEZ)

78.     Plaintiff reincorporates all prior paragraphs into this Complaint.

79.     Pursuant to A.R.S. § 44-101(2), Statute of frauds:

No action shall be brought in any court in unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized to charge a person upon a promise to answer for the debt, default or miscarriage of another.

Arizona's Statute of Frauds requires commitments to lend money, or pledges to answer for the debt or default of another, to be in writing and signed by the person sought to be charged in order to be enforceable.  A credit card is a physical manifestation of a commitment to lend money. Therefore, both the Defendant credit card issuers and Defendant RODRIQUEZ, separately and collectively would need to produce some sort of writing showing the Plaintiff's express consent to be bound to repay any amounts due or delinquent on the account in order for the debt to be validly chargeable against her.

80.     Here, Plaintiff did not sign any document or otherwise legally bind herself to repay the account merely by being at the most, an authorized user, who did not use any and all of the credit card accounts at issue.[15] The Plaintiff requested that Defendant credit card issuers produce the writing which binds the Plaintiff to the debt it asserts (*See,* Exhibit 2) which Defendant credit card issuers failed to do.  In the absence of any legally enforceable agreement between the Plaintiff and the credit card issuer Defendants, no legally enforceable relationship exists between the Plaintiff and Defendant RODRIQUEZ requiring Plaintiff to be responsible for Defendant RODRIQUEZ credit card debts.

81.     WHEREFORE, Plaintiff having fully pled her claims against the Defendant RODRIQUEZ under Count VI, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant RODRIQUEZ as follows:

A. Awarding Plaintiff all allowable actual damages resulting from Defendant

---

[15] With the exception of her interim written authorization regarding Desert Schools Visa xxxxxxxxxxxx2513.

RODRIQUEZ's unlawful acts;

B. Awarding punitive or exemplary damages in an amount sufficient to deter the Defendant RODRIQUEZ or others similarly situated from engaging in the conduct alleged in Count VI; and

C. Such other or further relief as the Court deems just and proper under the circumstances.

## COUNT VII

### ARIZONA CONSUMER FRAUD ACT
### (AS TO CREDIT CARD ISSUER DEFENDANTS)

82.     Plaintiff reincorporates all prior paragraphs into this Complaint.

83.     The Arizona Consumer Fraud Act is a broad act intended to eliminate unlawful practices in merchant-consumer transactions. *State ex rel. Corbin v. Hovatter,* 144 Ariz. 430, 431, 698 P.2d 225, 226 (App.1985). The Act, A.R.S. § 44–1522(A) (1987), defines unlawful practice as:

> The act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been mislead, deceived, or damaged thereby ...

The Act further provides that it be construed consistent with the Federal Trade Commission Act, 15 U.S.C.A. §§ 44, 52 and 55(a)(1) (false advertising provisions). A.R.S. § 44–1522(B) (1987).

78 The Consumer Fraud Act provides an injured consumer with an implied private right of action against the violator of the act. *Dunlap v. Jimmy GMC of Tucson, Inc.,* 136 Ariz. 338, 342, 666 P.2d 83, 87 (App.1983). The elements of the private cause of action are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury. *Id.* Damage or injury occurs when the consumer relies on the misrepresentation even though the reliance is not reasonable. *Correa v. Pecos Valley Dev. Corp.,* 126 Ariz. 601, 605, 617 P.2d 767, 771 (App.1980); *Peery v. Hansen,* 120 Ariz. 266, 270, 585 P.2d 574, 578 (App.1978). Plaintiff has the burden of proving these elements by a preponderance of the evidence. *Dunlap,* 136 Ariz. at 342, 666 P.2d at 89.  A private individual's relief under the Consumer Protection Act is his actual damages suffered as a result of the unlawful act or practice. *Dunlap,* 136 Ariz. at 342, 666 P.2d at 87; *Peery v. Hansen,* 120 Ariz. at 270, 585 P.2d at 578. These damages include the consideration paid in the contract and out-of-pocket expenses. *Parks v. Macro–Dynamics, Inc.,* 121 Ariz. 517, 521, 591 P.2d 1005, 1009 (App.1979). Punitive damages are allowed for violations of the Consumer Fraud Act where the wrongdoer's conduct is wanton or reckless, shows spite or ill will or where the conduct demonstrates a reckless indifference to the interests of others. *Dunlap,* 136 Ariz. at 342–43, 666 P.2d at 87–88.

84.     Here, Defendant credit card issuers each individually represented to PLAINTIFF verbally that the accounts in question would remain closed and that Defendant RODRIQUEZ would not be allowed to use said credit cards for purchases.  On information and belief all individual conversations whereby PLAINTIFF asked that the accounts be closed and the

Defendant credit card issuers stated unequivocally that they would remain closed, were recorded. Each and every credit card issuer Defendant reopened relevant credit card accounts against the accepted verbal requests of the Plaintiff.  Each and every credit card issuer Defendant committed the requisite falsity, which in fact, mislead Plaintiff as a consumer.  When Defendant credit card issuers reopened relevant credit card accounts at the request or facilitation of Defendant RODRIQUEZ, Defendant credit card issues violated the Arizona Consumer Fraud Act.

85.    WHEREFORE, Plaintiff having fully pled her claims against the Defendant RODRIQUEZ under Count VII, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant RODRIQUEZ as follows:

A.  Awarding Plaintiff all allowable actual damages resulting from Defendant RODRIQUEZ's unlawful acts;

B.  Awarding punitive or exemplary damages in an amount sufficient to deter the Defendant RODRIQUEZ or others similarly situated from engaging in the conduct alleged in Count VI; and

C.  Such other or further relief as the Court deems just and proper under the circumstances.

86.    This Complaint must be construed in its entirety.  The Complaint should be considered as a unified whole, all paragraphs reincorporated by this reference.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff incorporates by reference all separately enumerated paragraphs in this matter into this Complaint.  Plaintiff respectfully requests the following:

1. All allowable damages, contract damages, statutory damages, and discretionary damages, attorneys' fees, costs and expenses, reasonably incurred in pursuit of this cause of action under applicable uniform, commercial, state and federal law, as well as an award of reasonable attorneys' fees, costs, and expense associated with the underlying contract litigation.  A.R.S. §§ 12-341.01, *et seq.*; *Miscione v. Bishop,* 130 Ariz. 371, 374-375, 636 P2d. 149, 152-153 (App. 1981); *See also* RESTATEMENT (SECOND) CONTRACTS  § 355 (1981) explaining that punitive damages may be recoverable for a breach of contract if the conduct constituting the breach is also a tort for which punitive damages are recoverable;

2. Judgment for contractual  debt together with accruing interest at 18% per annum totaling: at least $65,000 attorney fees of; Damages for Plaintiff's reduced credit rating;

3. Contract damages, extra-contractual damages, along with damage associated with the expense, cost and professional fees (attorney, expert and otherwise) incurred in the prosecution of this matter to be proven with sufficient particularity at trial.

## **JURY DEMAND**

Plaintiff demands a trial by jury for all issues triable.

RESPECTFULLY SUBMITTED this 27th day of June, 2013

HISLOP LAW GROUP, PLLC

By_____
Terence Hislop (AzSBN 26963)
Hislop Law Group, PLLC
Attorney for PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2013, I electronically transmitted the above pleading to the Clerk's Office using the CM/ECF filing system.

A COPY of the foregoing mailed to Defendants requesting waiver of formal service of process:

Bank of America, NA
P.O. Box 54660
Los Angeles, CA 90054
Mail code: C89-705-07

Desert Schools Federal Credit Union
Deposit Legal Department
148 N. 48th Street
Phoenix, AZ 85034

JP Morgan Chase
Card Member Services
P.O. Box 15153
Wilmington, DE 19850-5153

U.S. Bankcorp, NA
Elan Financial Services
Att: Legal
800 Nicollet Mall
Minneapolis, MN 55402

s/ Terence J. Hislop (AzSBN 026963)

# EXHIBIT 1



P.O. Box 6354
Fargo, ND 58125-6354

10005

**DESERT SCHOOLS**
FEDERAL CREDIT UNION

July 5, 2011

Page 1 of 2

ıllı···ıllıılıllıılıılıııllıꞏllıꞏılıꞏlꞏllꞏlllꞏlıꞏlıꞏllꞏlllll

000002895 1 AT 0.365 106481151056150 P
NORMA P HERNANDEZ
508 S SPUR
MESA AZ   85204-2719

Important information about your Desert Schools Select Rewards Visa® Platinum Card
Account number ending with:  3569

Dear NORMA P HERNANDEZ:

We have received your request to have an additional individual added to your account as a joint owner.  For your protection, we require your written authorization to add individuals to your account and we require the signature and agreement of the joint owner.  Please complete the attached form and return it to Cardmember Service, P.O. Box 6354, Fargo, ND  58125-6354 or fax to 1-866-616-1750.

Thank you for choosing the Desert Schools Select Rewards Visa® Platinum Card.  If you have any questions concerning your account, please contact us at 1-866-289-1567, fax: ~~1-866-616-1750~~.  Cardmember Service Representatives are available 24-hours a day, 7 days a week.   866.568.7729
OR.

Sincerely,

Cardmember Service



The creditor, issuer and service provider of your credit card is Elan Financial Services

# EXHIBIT 2

## AUTHORIZATION TO ADD JOINT OWNER

Please complete the following information and return to Cardmember Service, P.O. Box 6354, Fargo, ND 58125-6354 or fax to 1-866-616-17 50.

Account Number: ▓▓▓▓▓▓▓▓▓▓▓ - 3569

Primary Cardmember Name: (please print) _Norma Hernandez_

Primary Cardmember Individual Annual Income: _$32,000.00_ *

Primary Cardmember Other Annual Income: _____ *

Primary Cardmember Monthly Housing Payment: _____

Rent: ☐ or Own: ☒

Primary Cardmember Signature: _____

If there is more than one cardmember on your account, each of you is responsible, together and separately, for the full amount owed on the account. This is the case even if the account is only used by one of you, or by an authorized signer chosen by only one of you.

The terms and conditions of your account will remain the same.

Secondary Cardmember Name:(please print) _Charlie Rodriquez_

Secondary Cardmember Social Security Number: _455 51 1877_

Secondary Cardmember Date of Birth: _10/27/1970_

Secondary Cardmember Street Address: _508 S. Spur_

Secondary Cardmember City/State/Zip Code: _Mesa  AZ  85204_

Secondary Cardmember Individual Annual Income: _45,000.00_ *

Secondary Cardmember Other Annual Income: _____ *

Secondary Cardmember Monthly Housing Payment: _450_

Rent: ☒ or Own: ☐

Secondary Cardmember Signature: _Charlie Rodriguez_

I authorize Elan Financial Services, in determining my eligibility for credit, renewal of credit and future credit extensions, to verify my employment and income and all other information I have provided, and obtain information about me, including my residence address, from other creditors, credit bureaus, employers, third parties, and federal and state records, including any state motor vehicle department, and waive any rights of confidentiality I may have in that information under applicable law.

## IMPORTANT INFORMATION ABOUT ADDING A NEW ACCOUNT HOLDER TO AN ACCOUNT

To help the government fight the funding of terrorism and money laundering activities, federal law requires all financial institutions to obtain, verify and record information that identifies each person who opens an account. What this means for you: When you open an account we will ask for your name, street address (P.O. boxes are not allowed under federal law), date of birth, and other information (including your Social Security or Tax Payer Identification Number) that allows us to identify you. We may also ask to see your driver's license or other identifying documents when appropriate.

* Income from alimony, child support or other maintenance need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.



The creditor, issuer and service provider of your credit card is Elan Financial Services

*Norma Hernandez*

*P.O. Box 62392*

*Phoenix, AZ 85082*


November 27, 2012


Desert Schools Federal Credit Union
Visa Signature Account
Cardmember Service
P.O. Box 790408
St. Louis, MO 63179-0408

     Re:   **Visa Signature #**█████████**4908**
             **Notice of believed billing error**
             **Sent by certified mail, return receipt requested**


Dear cardmember services:

     Please be advised that this letter is a demand to provide documentary evidence including any application, contract or agreement expressly authorizing you to collect any and all specific amounts of the alleged debt.

     Please provide any evidence of notice provided to me which pertains to the obligation the cosigner (me) entered into, the extent of said obligation and any notice of types of remedies available to the creditor against the debtor and cosigner as required per Federal law.

     In addition, please provide copies of any written communication or transcript(s) of any oral communication sent or received by you (including any said communication to you by me or Charlie Rodriquez).  This includes any communication with a consumer credit reporting agency or agencies.

     To clarify, this is a request for documentary evidence of consumer indebtedness and a non-admission of being an obligor.  Specifically, the billing error exists because I did not legally and properly agree to the terms of the alleged debt.

             Sincerely,

             *Norma P. Hernandez*
             Norma P. Hernandez

*Norma Hernandez*

*P.O. Box 62392*

*Phoenix, AZ 85082*

November 27, 2012

Desert Schools Federal Credit Union
Visa Signature Account
Cardmember Service
P.O. Box 790408
St. Louis, MO 63179-0408

Re:    **Visa Signature #**▉▉▉▉▉▉**9530**
         **Notice of believed billing error**
         **Sent by certified mail, return receipt requested**

Dear cardmember services:

Please be advised that this letter is a demand to provide documentary evidence including any application, contract or agreement expressly authorizing you to collect any and all specific amounts of the alleged debt.

Please provide any evidence of notice provided to me which pertains to the obligation the cosigner (me) entered into, the extent of said obligation and any notice of types of remedies available to the creditor against the debtor and cosigner as required per Federal law.

In addition, please provide copies of any written communication or transcript(s) of any oral communication sent or received by you (including any said communication to you by me or Carlos Rodriquez). This includes any communication with a consumer credit reporting agency or agencies.

To clarify, this is a request for documentary evidence of consumer indebtedness and a non-admission of being an obligor. Specifically, the billing error exists because I did not legally and properly agree to the terms of the alleged debt.

Sincerely,

Norma P. Hernandez

*Norma Hernandez*

*P.O. Box 62392*

*Phoenix, AZ 85082*

November 27, 2012

Bank of America
BankAmericard
P.O. Box 982235
El Paso, TX 79998-2235

   Re: **Account #**███████████**0884**
     **Notice of believed billing error**
     **Sent by certified mail, return receipt requested**

Dear cardmember services:

   Please be advised that this letter is a demand to provide documentary evidence including any application, contract or agreement expressly authorizing you to collect any and all specific amounts of the alleged debt.

   Please provide any evidence of notice provided to me which pertains to the obligation the cosigner (me) entered into, the extent of said obligation and any notice of types of remedies available to the creditor against the debtor and cosigner as required per Federal law.

   In addition, please provide copies of any written communication or transcript(s) of any oral communication sent or received by you (including any said communication to you by me or Carlos/ Charlie Rodriquez).  This includes any communication with a consumer credit reporting agency or agencies.

   To clarify, this is a request for documentary evidence of consumer indebtedness and a non-admission of being an obligor.  Specifically, the billing error exists because I did not legally and properly agree to the terms of the alleged debt.

   Sincerely,

   Norma P. Hernandez

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Visa Sig. Account
P.O. Box 790408
St. Louis, MO
63179-0408

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name )        C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
(Transfer from service label)    7011 3500 0001 3400 3008

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chase
Card Services
P.O. Box 15123
Wilmington, DE
19850-5123

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by ( Printed Name )        C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
(Transfer from service label)    7011 3500 0001 3400 297_

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Visa Sig Account
Cardmember Services
P.O. Box 790408
St. Louis, MO
63179-0408

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by ( Printed Name )        C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
(Transfer from service label)    7011 3500 0001 3400 2995

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union Cons Solutions
P.O. Box 2000
Chester, PA 19022-2000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

FEB 10 2013

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 1060 0002 2144 3742

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America
P.O. Box 982235
El Paso TX
   79998-2235

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ACS/Bank of America
   Sales

☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

N. Villegas/M. Bacon

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 3500 0001 3400 2988

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# EXHIBIT 3

Cardmember Services
P.O. Box 15298
Wilmington, DE 19850-5298


CHASE ◯

December 03, 2012

80186 RCS 001 003 36312 - NNNNNNNNNNNN
Norma P Hernandez
413 W Monte Way
Phoenix AZ 85041-8826

**Important information is
provided below regarding
your account.**

RE:  Your account ending in 7515

Dear Norma P Hernandez:

We are in receipt of your correspondence dated November 27, 2012.  We reject this document and your demand.

Our legal department has advised us that the arguments contained in your correspondence are without merit.  You entered into a valid and enforceable contract with us, received the benefits of that contract, and agreed to repay your indebtedness.  In accordance with the terms noted in this agreement, the bank has elected to close your account.

Nothing you cite in your letter provides any basis for the relief that you are requesting.  There are no valid defenses raised against us in your correspondence.  Accordingly, you are not entitled to any release or forgiveness of debt or lien on the account noted above.

Please be advised that there are others like yourself who have sent similar letters.  We take these attempts to avoid paying very seriously.

It is important that you make at least the minimum payment due on your account so that your account remains current.

We consider our position to be reasonable, accurate, and final.  We regret to inform you that we cannot assist you any further in this matter.

Sincerely,

Customer Support Division
Financial Service Advisor

# EXHIBIT 4



**DESERT SCHOOLS** FEDERAL CREDIT UNION



**August Statement** for activity from Jul. 22, 2011 through Aug. 22, 2011
NORMA P HERNANDEZ
CHARLIE RODRIQUEZ

**Inquiries: 1-866-289-1567**
ELN    5 8   13    Page 1 of 4

**Your Select Rewards Visa® Platinum Card account at a glance**

Account: ██████4908

## Activity Summary

| | |
|---|---|
| Previous Balance .................... | $10,564.97 |
| Payments ............................... | $28,300.00CR |
| Other Credits .......................... | $13.96CR |
| Purchases ............................. | $10,122.18 |
| Balance Transfers .................... | $0.00 |
| Advances ............................... | $1,000.00 |
| Other Debits ........................... | $20,000.00 |
| Past Due Amount ..................... | $0.00 |
| **Fees Charged......................** | **$40.00** |
| **Interest Charged....................** | **$10.18** |
| New Balance ........................... | $13,423.37 |
| Credit Line ............................. | $15,000.00 |
| Available Credit........................ | $1,576.63 |
| Statement Close Date............... | Aug. 22, 2011 |
| Days in Billing Cycle ............... | 32 |

## Payment Information

| | |
|---|---|
| New Balance ........................... | $13,423.37 |
| Minimum Payment Due (Current Month) | $145.00 |
| Minimum Payment Due (Past Due) | $0.00 |
| **Total New Minimum Payment Due** | **$145.00** |
| Payment Due Date................. | Sep. 17, 2011 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay up to a $35.00 Late Fee.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 21 years | $27,376 |
| $456 | 3 years | $16,444 *(Savings= $10,932)* |

If you would like information about credit counseling services, call  866-951-1391.

*To reduce or avoid paying additional fees and interest charges on your purchase balance, pay the total new balance of $13,423.37 by 09/17/11. Any cash balance or balance transfer balance will continue to accrue daily interest until the date your payment is received.*

Continued on Next Page

*Please detach and send coupon with check payable to: Cardmember Service*



**DESERT SCHOOLS** FEDERAL CREDIT UNION

0240376600196149080000145000013423374

To change your address or for
Cardmember Service please call:
**1-866-289-1567**  *Every Hour! Every Day!*

000032290 1 AT 0.365 106481219834372 P

NORMA P HERNANDEZ
CHARLIE RODRIQUEZ
508 S SPUR
MESA AZ 85204-2719

| | |
|---|---|
| Your Account Number: ██████4908 | |
| Total New Balance: | $13,423.37 |
| *Minimum Payment Due:* | $145.00 |
| **Payment Due Date** | Enter Amount of Payment Enclosed: |
| **Sep. 17, 2011** | |

**Cardmember Service**
P.O. Box 790408
St. Louis, MO  63179-0408





**DESERT SCHOOLS**
FEDERAL CREDIT UNION

**August Statement** for activity from Jul. 22, 2011 through Aug. 22, 2011     **Inquiries: 1-866-289-1567**
NORMA P HERNANDEZ                                                              Page 2 of 4
CHARLIE RODRIQUEZ

## Visa Select Rewards

| Description of Activity | This Statement | Year to Date |
|---|---|---|
| Base Reward Points | 10,108 | 18,355 |
| Total | 10,108 | 18,355 |

For rewards program inquiries and redemptions, call 1-888-229-8864 from 8:00 am to 11:00 pm (CST) Monday through Friday, 8:00 am to 9:00 pm (CST) Saturday and Sunday. Automated account information is available 24 hours a day, 7 days a week.

## Transactions

| Post Date | Trans Date | Ref. Nbr | Description of Transaction | Amount |
|---|---|---|---|---|
| | | | **Payments and Other Credits** | |
| 08/01 | 07/29 | 2499 | STAR TRADER - DL    ANAHEIM    CA | $13.96CR |
| | | | MERCHANDISE/SERVICE RETURN | |
| 08/01 | 08/01 | | PAYMENT   THANK YOU | $300.00CR |
| 08/05 | 08/05 | | PAYMENT   THANK YOU | $4,500.00CR |
| 08/08 | 08/08 | | PAYMENT   THANK YOU | $6,500.00CR |
| 08/09 | 08/09 | | PAYMENT   THANK YOU | $4,500.00CR |
| 08/10 | 08/10 | | PAYMENT   THANK YOU | $4,500.00CR |
| 08/22 | 08/22 | 0228 | PAYMENT   THANK YOU | $8,000.00CR |
| | | | **Purchases and Other Debits** | |
| 07/22 | 07/21 | 7076 | ARMORED SELFSTOR-KYRN  480-705-4746 AZ | $231.40 |
| 07/25 | 07/23 | 2413 | MCDONALD'S F3250    TEMPE    AZ | $18.49 |
| 07/25 | 07/23 | 7186 | VANS #0261      CHANDLER    AZ | $96.21 |
| 07/25 | 07/23 | 5600 | MACY'S EAST #453    CHANDLER   AZ | $82.66 |
| 07/25 | 07/22 | 5068 | GRAHAM CENTRAL STATION TEMPE    AZ | $50.00 |
| 07/25 | 07/23 | 5597 | GRAHAM CENTRAL STATION TEMPE    AZ | $300.00 |
| 07/25 | 07/23 | 6959 | AMC AHWATUKEE 04000949 Phoenix    AZ | $35.00 |
| 07/25 | 07/23 | 9143 | AMC AHWATUKEE 04000949 Phoenix    AZ | $24.00 |
| 07/25 | 07/23 | 5314 | AMC AHWATUKEE 04000949 Phoenix    AZ | $10.00 |
| 07/25 | 07/23 | 0186 | QT 419    05004197 MESA    AZ | $41.00 |
| 07/25 | 07/24 | 1601 | Z TEJAS CHANDLER #109  CHANDLER    AZ | $151.00 |
| 07/25 | 07/24 | 8135 | SANDBAR DESERT RIDGE  PHOENIX   AZ | $60.00 |
| 07/25 | 07/20 | 0496 | SHALIMAR COUNTRY CLUB  TEMPE    AZ | $70.00 |
| 07/25 | 07/21 | 8686 | OUTWEST VENTURES INC  TEMPE    AZ | $85.00 |
| 07/26 | 07/24 | 6411 | AMC AHWATUKEE 04000949 Phoenix    AZ | $16.25 |
| 07/26 | 07/24 | 9803 | AMC AHWATUKEE 04000949 Phoenix    AZ | $15.00 |
| 07/26 | 07/24 | 5007 | OLD NAVY #5714     PHOENIX    AZ | $140.69 |
| 07/26 | 07/24 | 3045 | RA SUSHI 0660    PHOENIX    AZ | $40.00 |
| 07/26 | 07/25 | 7166 | CAFE ROMA PIZZERIA    TEMPE    AZ | $13.12 |
| 07/26 | 07/25 | 4399 | RA SUSHI 0660    PHOENIX    AZ | $71.00 |
| 07/27 | 07/25 | 7503 | OLD NAVY #5841    LONG ISLAND  NY | $25.81 |
| 07/27 | 07/25 | 0026 | MIDDLETON AUTOMOTIVE C CASA GRANDE  AZ | $640.83 |
| 07/27 | 07/26 | 3978 | PANDA EXPRESS 1026    MESA    AZ | $10.35 |
| 07/28 | 07/26 | 7183 | TARGET    00002519 MESA    AZ | $43.90 |
| 07/28 | 07/27 | 9631 | CHEVRON 00091475    THOUSAND PALM CA | $43.76 |
| 07/28 | 07/27 | 9943 | QT 446    05004460 GOODYEAR    AZ | $45.99 |
| 07/28 | 07/27 | 0239 | MCDONALD'S F5589    GOODYEAR   AZ | $17.00 |
| 07/29 | 07/27 | 0221 | CIRCLE K 06361   Q47 MESA    AZ | $30.94 |
| 07/29 | 07/27 | 7499 | IN-N-OUT BURGER 000000 LA HABRA   CA | $16.83 |
| 07/29 | 07/27 | 7097 | EXXONMOBIL  12778213 FULLERTON   CA | $60.00 |
| 07/29 | 07/28 | 2818 | CITY OF HB BEACH OPS  HUNTINGTN BCH CA | $30.00 |
| 07/29 | 07/28 | 1790 | STATERBROS133    LA HABRA   CA | $186.33 |
| 08/01 | 07/29 | 2478 | SPLASH MOUNTAIN PHO  ANAHEIM   CA | $23.65 |
| 08/01 | 07/29 | 2494 | STAR TRADER - DL    ANAHEIM   CA | $34.32 |
| 08/01 | 07/29 | 0860 | TOMORROWLAND TERRAC  ANAHEIM   CA | $57.76 |

*Continued on Next Page*





**August Statement** for activity from Jul. 22, 2011 through Aug. 22, 2011          **Inquiries: 1-866-289-1567**
NORMA P HERNANDEZ                                                                                          Page 4 of 4
CHARLIE RODRIQUEZ

## Transactions

| Post Date | Trans Date | Ref. Nbr | Description of Transaction | Amount |
|-----------|-----------|----------|---------------------------|--------|
| 08/09 | 08/07 | | CASH ADVANCE FEE........................................................ | $40.00 |
| | | | **TOTAL FEES FOR THIS PERIOD**....................................... | **$40.00** |

### Interest Charged

| | | | | |
|-----------|-----------|----------|---------------------------|--------|
| 08/22 | | | INTEREST CHARGE ON CASH ADVANCES....................... | $10.18 |
| | | | **TOTAL INTEREST FOR THIS PERIOD**.................................. | **$10.18** |

### 2011 Totals Year-to-Date

| | |
|---|---|
| Total Fees Charged in 2011 | $140.00 |
| Total Interest Charged in 2011 | $134.36 |

## Interest Charge Calculation

**Your Annual Percentage Rate (APR) is the annual interest rate on your account.**

**\*\***APR for current and future transactions.

| Balance Type | Balance By Type | Balance Subject to Interest | Variable | Interest | Annual Percentage Rate | Expires with Statement | Interest Free Period |
|--------------|-----------------|------------------------------|----------|----------|------------------------|------------------------|----------------------|
| BALANCE TRANSFER | $0.00 | $0.00 | YES | $0.00 | 9.24% | | YES |
| PURCHASES | $0.00 | $0.00 | YES | $0.00 | 9.24% | | YES |
| **ADVANCES | $827.62 | $1,257.42 | YES | $10.18 | 9.24% | | NO |
| **BALANCE TRANSFER | $0.00 | $0.00 | YES | $0.00 | 13.99% | | NO |
| **PURCHASES | $12,595.75 | $0.00 | YES | $0.00 | 13.99% | | YES |

## Important Messages

Reward yourself!  Your credit card offers rich rewards like travel, gift cards and cash back. Check out all the rewards available to you by visiting the Rewards Center online or call 1-888-229-8864.

BalanceShield offers Protection from the Unexpected!
Get peace of mind knowing your minimum monthly payment can be paid for up to 12 months in the event of hardships like unemployment or disability. These and other benefits cost only $0.85 per $100 of your statement balance each month. ENROLL TODAY BY CALLING 877-694-1285.

Each time you or a third party on your behalf, pays your bill by personal check, you authorize us to convert that payment into an electronic debit. If the check is processed electronically, the checking account will be debited for the amount on the check and the debit will appear on your account statement.  If you have any questions, please contact us at the Inquiries phone number located on this statement.

## To contact us regarding your account... 4037 6600 1961 4908

| ☎ **By Telephone:** | ② **Send Inquiries to:** | ✉ **Send Payments to:** | 🖥 **Online** |
|----------------------|---------------------------|---------------------------|--------------|
| *Every Hour! Every Day!* | Cardmember Service | Cardmember Service | visit our website: |
| Voice: 1-866-289-1567 | P.O. Box 6354 | P.O. Box 790408 | myaccountaccess.com |
| TDD:   1-888-352-6455 | Fargo, ND  58125-6354 | St. Louis, MO  63179-0408 | |
| Fax:   1-866-616-1750 | | | |

*End of Statement*

# EXHIBIT 5



**DESERT SCHOOLS** FEDERAL CREDIT UNION



**February Statement** for activity from Jan. 25, 2012 through Feb. 22, 2012     **Inquiries: 1-866-290-6832**
NORMA P HERNANDEZ     ELN    8   14    Page 1 of 3
CARLOS RODRIGUEZ

**Your Visa® Signature Card account at a glance ...**       Account: ████████9530

### Activity Summary

| | |
|---|---|
| Previous Balance .................... | $6,896.88 |
| Payments................................ | $2,610.00CR |
| Other Credits .......................... | $0.00 |
| Purchases.............................. | $900.49 |
| Balance Transfers .................. | $0.00 |
| Advances ............................... | $1,700.00 |
| Other Debits .......................... | $2,510.00 |
| Past Due Amount .................... | $0.00 |
| **Fees Charged.......................** | **$113.00** |
| **Interest Charged..................** | **$78.48** |
| New Balance .......................... | $9,588.85 |
| Revolving Line of Credit ......... | $7,000.00 |
| Revolving Line Available ........ | None |
| Statement Close Date............. | Feb. 22, 2012 |
| Days in Billing Cycle .............. | 29 |

### Payment Information

| | |
|---|---|
| New Balance .......................... | $9,588.85 |
| Minimum Payment Due (Current Month) | $2,738.00 |
| Minimum Payment Due (Past Due) | $0.00 |
| **Total New Minimum Payment Due** | **$2,738.00** |
| Payment Due Date.................. | Mar. 19, 2012 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay up to a $35.00 Late Fee.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 15 years | $15,494 |
| $323 | 3 years | $11,629 (Savings= $3,865) |

If you would like information about credit counseling services, call 866-951-1391.

*To reduce or avoid paying additional fees and interest charges on your purchase balance, pay the total new balance of $9,588.85 by 03/19/12. Any cash balance or balance transfer balance will continue to accrue daily interest until the date your payment is received.*

Continued on Next Page

*Please detach and send coupon with check payable to: Cardmember Service*



**DESERT SCHOOLS** FEDERAL CREDIT UNION

████████ 7953000027380000095888858

To change your address or for Cardmember Service please call:
1-866-290-6832 *Every Hour! Every Day!*

| Your Account Number: | ████████9530 |
|---|---|
| **Total New Balance:** | **$9,588.85** |
| **Minimum Payment Due:** | **$2,738.00** |
| Payment Due Date | Enter Amount of Payment Enclosed |
| **Mar. 19, 2012** | |

000006292 1 AT 0.374 106481483622873 P

NORMA P HERNANDEZ
CARLOS RODRIGUEZ
508 S SPUR
MESA AZ 85204-2719

**Cardmember Service**
P.O. Box 790408
St. Louis, MO 63179-0408



**DESERT SCHOOLS**
FEDERAL CREDIT UNION



**February Statement** for activity from Jan. 25, 2012 through Feb. 22, 2012     **Inquiries: 1-866-290-6832**
NORMA P HERNANDEZ                                                                                 Page 2 of 3
CARLOS RODRIGUEZ

## Visa Signature Card

| Summary of Points Earned | This Statement | Year to Date |
|---|---|---|
| Base Reward Points................................................................ | 0 | 126 |
| Total ................................................ | 0 | 126 |

| Rewards Center Information as of 02/20/2012 | | |
|---|---|---|
| Rewards Center Activity* ................................................................ | | 0 |
| Rewards Center Balance ................................................................ | | 17,448 |

*This item includes points redeemed, expired, and adjusted
Total points earned have been deleted because your account is now closed.  To reactivate please call 1-800-558-3424
(in the Milwaukee area 765-4357).

## Transactions

| Post Date | Trans Date | Ref. Nbr | Description of Transaction | Amount |
|---|---|---|---|---|
| | | | **Payments and Other Credits** | |
| 02/09 | 02/09 | | PAYMENT   THANK YOU................................................. | $2,510.00CR |
| 02/17 | 02/17 | | PAYMENT   THANK YOU................................................. | $100.00CR |
| | | | **Purchases and Other Debits** | |
| 01/30 | 01/27 | 1832 | SAN FELIPE'S CANTINA   TEMPE      AZ............................. | $36.00 |
| 01/30 | 01/26 | 8348 | QT 433      05004338 MESA         AZ................................ | $63.06 |
| 01/30 | 01/26 | 0128 | FJW OPERATING LLC      602-8819443 AZ........................ | $10.00 |
| 02/13 | 02/10 | 2796 | MFB-48TH ST & CHANDLER PHOENIX    AZ......................... | $1,700.00 |
| | | | CASH ADVANCE | |
| 02/13 | 02/10 | 0897 | JOURNEYS #1249 06   CHANDLER  AZ............................ | $48.95 |
| 02/13 | 02/11 | 7528 | CULVERS #378     MESA    AZ...................................... | $24.94 |
| 02/13 | 02/10 | 9699 | JGC - PHOENIX       PHOENIX    AZ.............................. | $32.00 |
| 02/13 | 02/10 | 9173 | APACHE MOTORCYCLES PHO PHOENIX    AZ.................... | $414.95 |
| 02/13 | 02/11 | 1185 | COCOMO JOES     CAVE CREEK  AZ............................. | $88.53 |
| 02/13 | 02/11 | 9247 | URS SOUTHWEST - 40TH S PHOENIX   AZ...................... | $46.00 |
| 02/13 | 02/12 | 0360 | TARGET     00002519 MESA     AZ................................ | $7.62 |
| 02/13 | 02/10 | 2248 | WM SUPERCENTER     PHOENIX    AZ......................... | $34.61 |
| 02/13 | 02/10 | 3524 | TOTAL EYE CARE CENTER  TEMPE      AZ...................... | $40.00 |
| 02/14 | 02/12 | 5970 | QT 433     05004338 MESA      AZ................................ | $12.93 |
| 02/14 | 02/12 | 6582 | SHELL OIL 57441824406 TEMPE      AZ.......................... | $40.90 |
| 02/15 | | 4249 | PAYMENT REVERSAL ................................................ | $2,510.00 |
| | | | DEBIT ADJUSTMENT | |
| | | | **Fees Charged** | |
| 02/09 | | | PHONE PAYMENT SERVICE CHARGE ............................. | $10.00 |
| 02/13 | 02/10 | | CASH ADVANCE FEE ................................................. | $68.00 |
| 02/15 | | | RETURNED PAYMENT FEE ......................................... | $25.00 |
| 02/17 | | | PHONE PAYMENT SERVICE CHARGE ............................. | $10.00 |
| | | | **TOTAL FEES FOR THIS PERIOD**................................... | **$113.00** |
| | | | **Interest Charged** | |
| 02/22 | | | INTEREST CHARGE ON PURCHASES............................. | $70.38 |
| 02/22 | | | INTEREST CHARGE ON CASH ADVANCES....................... | $8.10 |
| | | | **TOTAL INTEREST FOR THIS PERIOD**........................... | **$78.48** |

*Continued on Next Page*



**DESERT SCHOOLS**
FEDERAL CREDIT UNION

**February Statement** for activity from Jan. 25, 2012 through Feb. 22, 2012     **Inquiries: 1-866-290-6832**
NORMA P HERNANDEZ                                                        Page 3 of 3
CARLOS RODRIGUEZ

| 2012 Totals Year-to-Date | |
|---|---|
| Total Fees Charged in 2012 | $113.00 |
| Total Interest Charged in 2012 | $78.48 |

## Interest Charge Calculation

**Your Annual Percentage Rate (APR) is the annual interest rate on your account.**

**\*\*** APR for current and future transactions.

| Balance Type | Balance By Type | Balance Subject to Interest Rate | Variable | Interest Charge | Annual Percentage Rate | Expires with Statement | Interest Free Period |
|---|---|---|---|---|---|---|---|
| \*\*BALANCE TRANSFER | $0.00 | $0.00 | YES | $0.00 | 12.99% | | NO |
| \*\*PURCHASES | $7,812.75 | $6,819.77 | YES | $70.38 | 12.99% | | YES |
| \*\*ADVANCES | $1,776.10 | $785.51 | YES | $8.10 | 12.99% | | NO |

## Important Messages

Each time you or a third party on your behalf, pays your bill by personal check, you authorize us to convert that payment into an electronic debit. If the check is processed electronically, the checking account will be debited for the amount on the check and the debit will appear on your account statement.  If you have any questions, please contact us at the Inquiries phone number located on this statement.

## To contact us regarding your account... ▇▇▇▇9530

📞 **By Telephone:**
*Every Hour! Every Day!*
Voice:  1-866-290-6832
TDD:    1-888-352-6455
Fax:     1-866-616-1750

❓ **Send Inquiries to:**
Cardmember Service
P.O. Box 6354
Fargo, ND  58125-6354

✉ **Send Payments to:**
Cardmember Service
P.O. Box 790408
St. Louis, MO  63179-0408

💻 **Online**
visit our website:
myaccountaccess.com

# EXHIBIT 6

*Norma P. Hernandez*
*P.O. Box 62392*
*Phoenix, AZ 85082*

January 30, 2013

Equifax
PO Box 740256
Atlanta, GA 30374

**Notice of billing/CRA error**
**Sent by certified mail, return receipt**

Dear Sir/Madam:

I am writing in regards to the below referenced credit card accounts to inform you that I do not owe the following listed debts. This dispute is based on a review of my free annual credit report I recently obtained (**confirmation #3508060947**). Please verify these debts as required by the Fair Debt Collection Practices Act:

Elan Finacial Services
PO Box 108
St. Louis, MO 63166
Visa Signature #▓▓▓▓▓▓2513

Elan Finacial Services
PO Box 108
St. Louis, MO 63166
Visa Signature #▓▓▓▓▓▓2513

Elan Finacial Services
PO Box 108
St. Louis, MO 63166
Visa Signature account ▓▓▓▓▓▓9530

Bank of America
BankAmericard
P.O. Box 982235
El Paso, TX 79998-2235
Account #▓▓▓▓▓▓0884 – listed as #▓▓▓▓5845...

Chase
Cardmember Service
P.O. Box 15123
Wilmington, DE 19850-5123
Account #▓▓▓▓▓7515

1

In each of these four se₁ .ate accounts, I am listed as a co-oblig₁ . with Carlos Rodriguez, who I am not related to. Unequivocally, I never used any of these cards myself nor did I benefit from any of the purchases which were exclusively made by Carlos Rodriguez.

As your investigation will reveal, I did in the case of one of these cards (Visa Signature account # ████████ 2513), on July 5, 2011, sign an agreement to add Carlos Rodriguez to an account I exclusively held since 2007. I did this based on his promise to pay his expenditures made on that card. When he failed to pay his expenditures, the account was closed by me.

Among the issues I have with Desert Schools Credit Union and Elan Financial Services on account # ████████ 2513 is that after I requested Carlos Rodriguez to be removed from the account, he was allowed to continue making charges which are now, in effect, assessed against me. As I was not receiving any statements since they were sent to his residence and not to mine, I had no way of knowing about his additional charges. The problem as was explained to me, was that Carlos Rodriguez was issued the same card number as mine, which enabled to continue to make unauthorized charges which he had no intent to pay for.

As far as the other three accounts disputed, in none of these did I ever authorize in writing to be a co-signer or co-obligor of the charges Carlos Rodriguez made. Like the credit card account listed above, when I became aware of the existence of these accounts, I had attempted to remove my name from them by contacting each of the credit card companies directly, but was unsuccessful. In none of these instances, did I receive statements at my home address which would indicate to me that Carlos Rodriguez was making purchases on credit cards which listed my name.

On November 27, 2012, I made a written request to each of the credit card companies listed above (with the exception of Visa Signature account # ████████ 2513) asking them to verify the existence of proof that I agreed to be responsible for Carlos Rodriguez's debt. To date, I have received no answer to my written requests from anyone.

I am the unfortunate victim of Carlos Rodriguez as well as I believe, violations of the Fair Credit Reporting Act which forbids reporting information the reporter knows, or should know, is false. In addition, I believe other federal consumer protection credit laws were broken as well because I did not agree to the terms of the alleged debt.

These charges are damaging to my financial and mental well-being and have nothing to do with me. A detailed review of the accounts in question, including a review of the call history will reveal this to you.

Thank you so much for your attention to this matter.

Sincerely,

Norma P. Hernandez

2

*Norma P. Hernandez*
*P.O. Box 62392*
*Phoenix, AZ 85082*

January 30, 2013

Experian
National Consumer Assistance Center
PO Box 2002
Allen, TX 75013

**Notice of billing/CRA error**
**Sent by certified mail, return receipt**

Dear Sir/Madam:

     I am writing in regards to the below referenced credit card accounts to inform you that I do not owe the following listed debts. This dispute is based on a review of my free annual credit report I recently obtained (**report #0606-6404-23**). Note, I attempted to file this on-line, but had difficulty getting the site to respond. Please verify these debts as required by the Fair Debt Collection Practices Act:

        Elan Finacial Services
        PO Box 108
        St. Louis, MO 63166
        Visa Signature #▮▮▮▮▮▮▮2513

        Elan Finacial Services
        PO Box 108
        St. Louis, MO 63166
        Visa Signature #▮▮▮▮▮▮▮2513

        Elan Finacial Services
        PO Box 108
        St. Louis, MO 63166
        Visa Signature account #▮▮▮▮▮▮▮9530

        Bank of America
        BankAmericard
        P.O. Box 982235
        El Paso, TX 79998-2235
        Account #▮▮▮▮▮▮0884 – listed as #▮▮▮▮▮5845…

        Chase
        Cardmember Service
        P.O. Box 15123
        Wilmington, DE 19850-5123
        Account ▮▮▮▮▮▮7515

1

In each of these four accounts, I am listed as a co-obligor with Carlos Rodriguez, who I am not related to. Unequivocally, I never used any of these cards myself nor did I benefit from any of the purchases which were exclusively made by Carlos Rodriguez.

As your investigation will reveal, I did in the case of one of these cards (Visa Signature account #▓▓▓▓▓▓▓2513), on July 5, 2011, sign an agreement to add Carlos Rodriguez to an account I exclusively held since 2007. I did this based on his promise to pay his expenditures made on that card. When he failed to pay his expenditures, the account was closed by me.

Among the issues I have with Desert Schools Credit Union and Elan Financial Services on account #▓▓▓▓▓▓▓2513 is that after I requested Carlos Rodriguez to be removed from the account, he was allowed to continue making charges which are now, in effect, assessed against me. As I was not receiving any statements since they were sent to his residence and not to mine, I had no way of knowing about his additional charges. The problem as was explained to me, was that Carlos Rodriguez was issued the same card number as mine, which enabled to continue to make unauthorized charges which he had no intent to pay for.

As far as the other three accounts disputed, in none of these did I ever authorize in writing to be a co-signer or co-obligor of the charges Carlos Rodriguez made. Like the credit card account listed above, when I became aware of the existence of these accounts, I had attempted to remove my name from them by contacting each of the credit card companies directly, but was unsuccessful. In none of these instances, did I receive statements at my home address which would indicate to me that Carlos Rodriguez was making purchases on credit cards which listed my name.

On November 27, 2012, I made a written request to each of the credit card companies listed above (with the exception of Visa Signature account #▓▓▓▓▓▓▓2513) asking them to verify the existence of proof that I agreed to be responsible for Carlos Rodriguez's debt. To date, I have received no answer to my written requests from anyone.

I am the unfortunate victim of Carlos Rodriguez as well as I believe, violations of the Fair Credit Reporting Act which forbids reporting information the reporter knows, or should know, is false. In addition, I believe other federal consumer protection credit laws were broken as well because I did not agree to the terms of the alleged debt.

These charges are damaging to my financial and mental well-being and have nothing to do with me. A detailed review of the accounts in question, including a review of the call history will reveal this to you.

Thank you so much for your attention to this matter.

Sincerely,

Norma P. Hernandez

2

*Norma P. Hernandez*
*P.O. Box 62392*
*Phoenix, AZ 85082*

February 1, 2013

TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA 19022-2000

**Notice of billing/CRA error**
**Sent by certified mail, return receipt**

Dear Sir/Madam:

I am writing in regards to the below referenced credit card accounts to inform you that I do not owe the following listed debts.  This dispute is based on a review of my free annual credit report I recently obtained.  Please verify these debts as required by the Fair Debt Collection Practices Act:

Elan Finacial Services
PO Box 108
St. Louis, MO 63166
Visa Signature #████████2513

Elan Finacial Services
PO Box 108
St. Louis, MO 63166
Visa Signature #████████2513

Elan Finacial Services
PO Box 108
St. Louis, MO 63166
Visa Signature account  #████████9530

Bank of America
BankAmericard
P.O. Box 982235
El Paso, TX 79998-2235
Account #████████0 0884 – listed as ████████5845…

Chase
Cardmember Service
P.O. Box 15123
Wilmington, DE 19850-5123
Account #████████7515

1

In each of these four separate accounts, I am listed as a co-obligor with Carlos Rodriguez, who I am not related to. Unequivocally, I never used any of these cards myself nor did I benefit from any of the purchases which were exclusively made by Carlos Rodriguez.

As your investigation will reveal, I did in the case of one of these cards (Visa Signature account #██████████2513), on July 5, 2011, sign an agreement to add Carlos Rodriguez to an account I exclusively held since 2007. I did this based on his promise to pay his expenditures made on that card. When he failed to pay his expenditures, the account was closed by me.

Among the issues I have with Desert Schools Credit Union and Elan Financial Services on account #████████ 2513 is that after I requested Carlos Rodriguez to be removed from the account, he was allowed to continue making charges which are now, in effect, assessed against me. As I was not receiving any statements since they were sent to his residence and not to mine, I had no way of knowing about his additional charges. The problem as was explained to me, was that Carlos Rodriguez was issued the same card number as mine, which enabled to continue to make unauthorized charges which he had no intent to pay for.

As far as the other three accounts disputed, in none of these did I ever authorize in writing to be a co-signer or co-obligor of the charges Carlos Rodriguez made. Like the credit card account listed above, when I became aware of the existence of these accounts, I had attempted to remove my name from them by contacting each of the credit card companies directly, but was unsuccessful. In none of these instances, did I receive statements at my home address which would indicate to me that Carlos Rodriguez was making purchases on credit cards which listed my name.

On November 27, 2012, I made a written request to each of the credit card companies listed above (with the exception of Visa Signature account #████████ 2513) asking them to verify the existence of proof that I agreed to be responsible for Carlos Rodriguez's debt. To date, I have received no answer to my written requests from anyone.

I am the unfortunate victim of Carlos Rodriguez as well as I believe, violations of the Fair Credit Reporting Act which forbids reporting information the reporter knows, or should know, is false. In addition, I believe other federal consumer protection credit laws were broken as well because I did not agree to the terms of the alleged debt.

These charges are damaging to my financial and mental well-being and have nothing to do with me. A detailed review of the accounts in question, including a review of the call history will reveal this to you.

Thank you so much for your attention to this matter.

Sincerely,

Norma P. Hernandez

2

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Trans Union LLC
P.O. Box 1000
Chester, PA 19022

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 1060 0002 2144 5494

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
Nat. Consumer Asst. Cntr
P.O. Box 2002
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
EXPERIAN
701 Experian Parkway

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No
   FEB -- 2013

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 1060 0002 2144 3728

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax
P.O. Box 740256
Atlanta, GA 30374

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 1060 0002 2144 3735

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# EXHIBIT 7

  

Save as PDF

## Equifax Credit Report ™ for Norma P. Hernandez

As of: 01/08/2013.
Available until: 02/07/2013                          Report Does Not Update
Confirmation #: 3508060947

⚠ **Important. Please print this report as it will only be available for you to view during this session with Equifax. If you would like to view this credit report online free for 30 days, click here.**

| Section Title | Section Description |
|---|---|
| 1. Credit Summary | Summary of account activity |
| 2. Account Information | Detailed account information |
| 3. Inquiries | Companies that have requested or viewed your credit information |
| 4. Negative Information | Bankruptcies, liens, garnishments and other judgments |
| 5. Personal Information | Personal data, addresses, employment history |
| 6. Dispute File Information | How to dispute information found on this credit report |
| 7. Summary of Your Rights Under the FCRA | Summary of Your Rights Under the FCRA |
| 8. Remedying the Effects of Identity Theft | Remedying the Effects of Identity Theft |
| 9. Your Rights Under State Law | Your Rights Under State Law |

## Credit Summary

Your Equifax Credit Summary highlights the information in your credit file that is most important in determining your credit standing by distilling key credit information into one easy-to-read summary.

## Accounts

Lenders usually take a positive view of individuals with a range of credit accounts - car loan, credit cards, mortgage, etc. - that have a record of timely payments. However, a high debt to credit ratio on certain types of revolving (credit card) accounts and installment loans will typically have a negative impact.

| Open Accounts | Total Number | Balance | Available | Credit Limit | Debt to Credit Ratio | Monthly Payment Amount | Accounts with a Balance |
|---|---|---|---|---|---|---|---|
| Mortgage | 2 | $154,246 | $0 | $163,487 | 94% | $1,049 | 2 |
| Installment | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Revolving | 2 | $0 | $27,500 | $27,500 | 0% | $81 | 0 |
| Other | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Total | 4 | $154,246 | $27,500 | $190,987 | 81% | $1,130 | 2 |

## Debt by Account Type          Debt to Credit Ratio by Account Type



## Account Age

Usually, it is a good idea to keep your oldest credit account open, as a high average account age generally demonstrates stability to lenders. Also, especially if you have been managing credit for a short time, opening many new accounts will lower your average account age and may have a negative impact.

| | |
|---|---|
| **Length of Credit History** | 2004 Years, 2 Months |
| **Average Account Age** | 6 Years, 3 Months |
| **Oldest Account** | CHASE BANK USA, NA  (Opened 11/01/1998) |
| **Most Recent Account** | BANK OF AMERICA  (Opened 08/31/2011) |

## Inquiries - Requests for your Credit History

Numerous inquires on your credit file for new credit may cause you to appear risky to lenders, so it is usually better to only seek new credit when you need it. Typically, lenders distinguish between inquiries for a single loan and many new loans in part by the length of time over which the inquiries occur. So, when rate shopping for a loan it's a good idea to do it within a focused period of time.

| | |
|---|---|
| Inquiries in the Last 2 Years | 3 |
| **Most Recent Inquiry** | ROADLOANS  (04/13/12) |

## Potentially Negative Information

Late payments, collections and public records can have a negative impact on your credit standing. The more severe and recent they are, the more negative the potential impact might be.

| | |
|---|---|
| Public Records | 0 |
| Negative Accounts | 2 |
| Collections | 0 |

## Mortgage Accounts

Mortgage accounts include first mortgages, home equity loans, and any other loans secured by real estate you own.

## Open Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| DESERT SCHOOLS FCU | 201674XXXX | 03/03/2008 | $63,849 | 12/31/2012 | | PAYS AS AGREED | |

**DESERT SCHOOLS FEDERAL CU**

PO Box 2945
Phoenix, AZ-850622945



| | | | |
|---|---|---|---|
| Account Number: | 201674XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Joint Account | High Credit: | $70,000 |
| Type of Account | Installment | Credit Limit: | |
| Term Duration: | 99 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 03/03/2008 | Balance: | $63,849 |
| Date Reported: | 12/31/2012 | Amount Past Due: | |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|
| Date of Last Payment: | 12/2012 | Actual Payment Amount: | $425 |
| Scheduled Payment Amount: | $425 | Date of Last Activity: | 12/2012 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 57 |
| Creditor Classification: | | Activity Designator: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Second Mortgage |
| Date of First Delinquency: | N/A | | |
| Comments: | Fixed rate | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | * | * | * | * | * | * | * | * | |
| 2011 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2010 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2009 | * | * | * | * | * | * | * | * | * | * | * | |
| 2008 | | * | * | * | * | * | * | * | * | * | * | |

| METLIFE HOME LOANS | 481007407XXXX | 10/29/2010 | $90,397 | 12/05/2012 | | PAYS AS AGREED | |
|---|---|---|---|---|---|---|---|

METLIFE HOME LOANS

4000 Horizon Way
Irving, TX-750632260
(214) 441-4575

| | | | |
|---|---|---|---|
| Account Number: | 481007407XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Joint Account | High Credit: | $93,487 |
| Type of Account [?] | Mortgage | Credit Limit: | |
| Term Duration: | 30 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 10/29/2010 | Balance: | $90,397 |
| Date Reported: | 12/05/2012 | Amount Past Due: | |
| Date of Last Payment: | 11/2012 | Actual Payment Amount: | $623 |
| Scheduled Payment Amount: | $624 | Date of Last Activity: | 12/2012 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 24 |
| Creditor Classification: | | Activity Designator: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | FHA Real Estate Mortgage |
| Date of First Delinquency: | N/A | | |
| Comments: | Fixed rate | | |

81-Month Payment History

| Account Name | Account Number | Date Opened | Balance | Date Reported ☺ | Past Due | Status ☺ | Credit Limit |
|---|---|---|---|---|---|---|---|
| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | * | * | * | | | | | | |
| 2011 | * | * | * | | * | * | * | * | * | * | * | * |
| 2010 | | | | | | | | | * | * | * | |

## Closed Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported ☺ | Past Due | Status ☺ | Credit Limit |
|---|---|---|---|---|---|---|---|
| COLONIAL SAVINGS AND | 93XXXX | 04/01/1999 | $0 | 06/01/2008 | | PAYS AS AGREED | |

**COLONIAL S & L MORTGAGE**

2624 West Fwy
Fort Worth, TX-761027109
(817) 424-9044

| | | | |
|---|---|---|---|
| Account Number: | 93XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Joint Account | High Credit: | $37,972 |
| Type of Account ⍰ | Mortgage | Credit Limit: | |
| Term Duration: | 15 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 04/01/1999 | Balance: | $0 |
| Date Reported: | 06/01/2008 | Amount Past Due: | |
| Date of Last Payment: | 06/2008 | Actual Payment Amount: | |
| Scheduled Payment Amount: | $461 | Date of Last Activity: | 06/2008 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 99 |
| Creditor Classification: | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | FHA Real Estate Mortgage |
| Date of First Delinquency: | N/A | | |
| Comments: | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| DESERT SCHOOLS FCU | 1674XXXX | 02/01/2004 | $0 | 03/01/2008 | | PAYS AS AGREED | |

**DESERT SCHOOLS FEDERAL CU**

PO Box 2945
Phoenix, AZ-850622945

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| Account Number: | 1674XXXX | | | Status: | | PAYS AS AGREED | |
| Account Owner: | Joint Account | | | High Credit: | | $15,386 | |
| Type of Account | Mortgage | | | Credit Limit: | | | |
| Term Duration: | 15 Years | | | Terms Frequency: | | Monthly (due every month) | |
| Date Opened: | 02/01/2004 | | | Balance: | | $0 | |
| Date Reported: | 03/01/2008 | | | Amount Past Due: | | | |
| Date of Last Payment: | 03/2008 | | | Actual Payment Amount: | | $10,306 | |
| Scheduled Payment Amount: | $126 | | | Date of Last Activity: | | 03/2008 | |
| Date Major Delinquency First Reported: | | | | Months Reviewed: | | 49 | |
| Creditor Classification: | | | | Activity Designator: | | Paid and Closed | |
| Charge Off Amount: | | | | Deferred Payment Start Date: | | | |
| Balloon Payment Amount: | | | | Balloon Payment Date: | | | |
| Date Closed: | 03/2008 | | | Type of Loan: | | Second Mortgage | |
| Date of First Delinquency: | N/A | | | | | | |
| Comments: | | | | | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| DESERT SCHOOLS FCU | 1674XXXX | 01/01/2002 | $0 | 02/01/2004 | | PAYS AS AGREED | |
|---|---|---|---|---|---|---|---|

DESERT SCHOOLS FEDERAL CU

PO Box 2945
Phoenix, AZ-850622945

| Account Number: | 1674XXXX | | | Status: | | PAYS AS AGREED | |
|---|---|---|---|---|---|---|---|
| Account Owner: | Joint Account | | | High Credit: | | $12,400 | |
| Type of Account | Mortgage | | | Credit Limit: | | | |
| Term Duration: | 15 Years | | | Terms Frequency: | | Monthly (due every month) | |
| Date Opened: | 01/01/2002 | | | Balance: | | $0 | |
| Date Reported: | 02/01/2004 | | | Amount Past Due: | | | |
| Date of Last Payment: | 02/2004 | | | Actual Payment Amount: | | $10,382 | |
| Scheduled Payment Amount: | $108 | | | Date of Last Activity: | | 02/2004 | |
| Date Major Delinquency First Reported: | | | | Months Reviewed: | | 25 | |
| Creditor Classification: | | | | Activity Designator: | | Paid and Closed | |
| Charge Off Amount: | | | | Deferred Payment Start Date: | | | |
| Balloon Payment Amount: | | | | Balloon Payment Date: | | | |
| Date Closed: | 02/2004 | | | Type of Loan: | | Second Mortgage | |
| Date of First Delinquency: | N/A | | | | | | |

| Account Name | Account Number | Date Opened | Balance | Date Reported ⊡ | Past Due | Status ⊡ | Credit Limit |
|---|---|---|---|---|---|---|---|
| Comments: | | | | | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| METLIFE HOME LOANS | 481007040XXXX | 12/01/2008 | $0 | 11/01/2010 | | PAYS AS AGREED | |

**METLIFE HOME LOANS**

4000 Horizon Way
Irving, TX-750632260
(214) 441-4575

| | | | |
|---|---|---|---|
| Account Number: | 481007040XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Joint Account | High Credit: | $93,762 |
| Type of Account ⊡ | Mortgage | Credit Limit: | |
| Term Duration: | 30 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 12/01/2008 | Balance: | $0 |
| Date Reported: | 11/01/2010 | Amount Past Due: | |
| Date of Last Payment: | 10/2010 | Actual Payment Amount: | $92,925 |
| Scheduled Payment Amount: | $789 | Date of Last Activity: | 10/2010 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 21 |
| Creditor Classification: | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 10/2010 | Type of Loan: | FHA Real Estate Mortgage |
| Date of First Delinquency: | N/A | | |
| Comments: | Fixed rate | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | * | * | * | * | * | * | * | * | * | * | | |
| 2009 | * | * | * | * | * | * | * | * | * | * | * | |
| 2008 | | | | | | | | | | | | * |

⬆ Back to Top

## Installment Accounts

Installment accounts are credit accounts in which the amount of the payment and the number of payments are predetermined or fixed, such as a car loan.

## Closed Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported ⊡ | Past Due | Status ⊡ | Credit Limit |
|---|---|---|---|---|---|---|---|

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| BANK OF AMERICA, N.A | 6501001693XXXX | 04/01/2008 | $0 | 09/01/2011 | | PAYS AS AGREED | |

**BANK OF AMERICA, N.A.**

PO BOX 45144
JACKSONVILLE, FL-32232
(800) 299-2265

| | | | | |
|---|---|---|---|---|
| Account Number: | 6501001693XXXX | | Status: | PAYS AS AGREED |
| Account Owner: | Joint Account | | High Credit: | $24,867 |
| Type of Account ? | Installment | | Credit Limit: | |
| Term Duration: | 60 Months | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 04/01/2008 | | Balance: | $0 |
| Date Reported: | 09/01/2011 | | Amount Past Due: | |
| Date of Last Payment: | 09/2011 | | Actual Payment Amount: | $9,215 |
| Scheduled Payment Amount: | $488 | | Date of Last Activity: | 09/2011 |
| Date Major Delinquency First Reported: | | | Months Reviewed: | 41 |
| Creditor Classification: | | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | | Balloon Payment Date: | |
| Date Closed: | 09/2011 | | Type of Loan: | Auto |
| Date of First Delinquency: | N/A | | | |
| Comments: | | | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2011 | * | * | * | * | * | * | * | * | | | | |
| 2010 | * | | * | * | * | * | * | * | * | * | * | * |
| 2009 | * | | * | * | * | * | * | * | * | * | * | * |
| 2008 | | | | * | * | * | * | * | * | * | * | * |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Status |
|---|---|---|---|---|---|
| DESERT SCHOOLS FCU | 1674XXXX | 11/01/1999 | $0 | 02/01/2004 | PAYS AS AGREED |

**DESERT SCHOOLS FEDERAL CU**

PO Box 2945
Phoenix, AZ-850622945

| | | | | |
|---|---|---|---|---|
| Account Number: | 1674XXXX | | Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | | High Credit: | $22,091 |
| Type of Account ? | Installment | | Credit Limit: | |
| Term Duration: | 60 Months | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 11/01/1999 | | Balance: | $0 |
| Date Reported: | 02/01/2004 | | Amount Past Due: | |
| Date of Last Payment: | 02/2004 | | Actual Payment Amount: | $3,724 |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Scheduled Payment Amount: | $438 | | | Date of Last Activity: | | 02/2004 | |
| Date Major Delinquency First Reported: | | | | Months Reviewed: | | 51 | |
| Creditor Classification: | | | | Activity Designator: | | Paid and Closed | |
| Charge Off Amount: | | | | Deferred Payment Start Date: | | | |
| Balloon Payment Amount: | | | | Balloon Payment Date: | | | |
| Date Closed: | 02/2004 | | | Type of Loan: | | Auto | |
| Date of First Delinquency: | N/A | | | | | | |
| Comments: | | | | | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| JPMORGAN CHASE BANK | 1072082041XXXX | 07/01/2007 | $0 | 03/01/2008 | | PAYS AS AGREED | |

**JPMorgan Chase Bank**

PO Box 901076
Fort Worth, TX-761012076
(800) 336-6675

| | | | |
|---|---|---|---|
| Account Number: | 1072082041XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Joint Account | High Credit: | $47,749 |
| Type of Account | Installment | Credit Limit: | |
| Term Duration: | 72 Months | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 07/01/2007 | Balance: | $0 |
| Date Reported: | 03/01/2008 | Amount Past Due: | |
| Date of Last Payment: | 03/2008 | Actual Payment Amount: | $45,134 |
| Scheduled Payment Amount: | $869 | Date of Last Activity: | 03/2008 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 8 |
| Creditor Classification: | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 03/2008 | Type of Loan: | Auto |
| Date of First Delinquency: | N/A | | |
| Comments: | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

⌂ Back to Top

# Revolving Accounts

Revolving accounts are charge accounts that have a credit limit and require a minimum payment each month, such as most credit cards.

## Open Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| CHASE BANK USA, NA | 541712485095XXXX | 11/01/1998 | | 10/01/2005 | | PAYS AS AGREED | $22,500 |

**Chase Card Services**

P.O.Box 15298
Wilmington, DE-19850
(800) 955-9900

| | | | |
|---|---|---|---|
| Account Number: | 541712485095XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Terminated | High Credit: | $4,467 |
| Type of Account | Revolving | Credit Limit: | $22,500 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 11/01/1998 | Balance: | |
| Date Reported: | 10/01/2005 | Amount Past Due: | |
| Date of Last Payment: | 09/2005 | Actual Payment Amount: | $100 |
| Scheduled Payment Amount: | $81 | Date of Last Activity: | 10/2005 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 59 |
| Creditor Classification: | | Activity Designator: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Consumer disputes this account information | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| GATEWAY/CBNA | 601176611073XXXX | 12/01/2002 | $0 | 11/01/2003 | | PAYS AS AGREED | $5,000 |

**GATEWAY /CBSD**

PO Box 6497
Sioux Falls, SD-571176497

| | | | |
|---|---|---|---|
| Account Number: | 601176611073XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | $858 |
| Type of Account | Revolving | Credit Limit: | $5,000 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 12/01/2002 | Balance: | $0 |
| Date Reported: | 11/01/2003 | Amount Past Due: | |
| Date of Last Payment: | 07/2003 | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | 07/2003 |
| | | Months Reviewed: | 11 |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date Major Delinquency First Reported: | | | | | | | |
| Creditor Classification: | | | | Activity Designator: | | N/A | |
| Charge Off Amount: | | | | Deferred Payment Start Date: | | | |
| Balloon Payment Amount: | | | | Balloon Payment Date: | | | |
| Date Closed: | | | | Type of Loan: | | Combined Credit Plan (represents two credit plans being reported as one account) | |
| Date of First Delinquency: | N/A | | | | | | |
| Comments: | | | | | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

## Closed Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| BANK OF AMERICA | 431307265845XXXX | 08/31/2011 | $5,777 | 01/02/2013 | | PAYS AS AGREED | |

**BANK OF AMERICA**

P.O. Box 982235
El Paso, TX-799982235

| | | | |
|---|---|---|---|
| Account Number: | 4313072658 5XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Joint Account | High Credit: | $8,423 |
| Type of Account [?] | Revolving | Credit Limit: | |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 08/31/2011 | Balance: | $5,777 |
| Date Reported: | 01/02/2013 | Amount Past Due: | |
| Date of Last Payment: | 12/2012 | Actual Payment Amount: | |
| Scheduled Payment Amount: | $167 | Date of Last Activity: | 01/2013 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 16 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 01/2013 | Type of Loan: | Flexible Spending Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed by credit grantor | | |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

**81-Month Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2011 |  |  |  |  |  |  | * | * | * | * | * | * |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| BANK OF AMERICA | 546632179262XXXX | 08/01/2011 | $0 | 08/01/2011 |  | PAYS AS AGREED | $5,000 |

**BANK OF AMERICA**

P.O. Box 982235
El Paso, TX-799982235

| | | | |
|---|---|---|---|
| Account Number: | 546632179262XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | $0 |
| Type of Account | Revolving | Credit Limit: | $5,000 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 08/01/2011 | Balance: | $0 |
| Date Reported: | 08/01/2011 | Amount Past Due: | |
| Date of Last Payment: | | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | N/A |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 08/2011 | Type of Loan: | Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

**81-Month Payment History**

No 81-Month Payment Data available for display.

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| CHASE BANK USA, NA | 540168310033XXXX | 08/03/2007 | $5,396 | 01/03/2013 |  | PAYS AS AGREED | $9,300 |

**Chase Card Services**

P.O.Box 15298
Wilmington, DE-19850
(800) 955-9900

| | | | |
|---|---|---|---|
| Account Number: | 540168310033XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | $16,404 |
| Type of Account | Revolving | Credit Limit: | $9,300 |
| Term Duration: | | Terms Frequency: | |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

| | | | | | | | Monthly (due every month) |
|---|---|---|---|---|---|---|---|
| Date Opened: | 08/03/2007 | | Balance: | | | | $5,396 |
| Date Reported: | 01/03/2013 | | Amount Past Due: | | | | |
| Date of Last Payment: | 12/2012 | | Actual Payment Amount: | | | | $113 |
| Scheduled Payment Amount: | $114 | | Date of Last Activity: | | | | 01/2013 |
| Date Major Delinquency First Reported: | | | Months Reviewed: | | | | 64 |
| Creditor Classification: | | | Activity Designator: | | | | Closed |
| Charge Off Amount: | | | Deferred Payment Start Date: | | | | |
| Balloon Payment Amount: | | | Balloon Payment Date: | | | | |
| Date Closed: | | | Type of Loan: | | | | Credit Card |
| Date of First Delinquency: | N/A | | | | | | |
| Comments: | | | Consumer disputes this account information, Account closed by credit grantor | | | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2011 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2010 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2009 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2008 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2007 | | | | | | | * | * | * | * | * | * |

| CHASE - TJX COMPANIE | 588896221715XXXX | 09/01/2009 | $0 | 01/01/2010 | | PAYS AS AGREED | $1,000 |
|---|---|---|---|---|---|---|---|

Chase Card Services

P.O.Box 15298
Wilmington, DE-19850
(800) 955-9900

| Account Number: | 588896221715XXXX | | Status: | PAYS AS AGREED |
|---|---|---|---|---|
| Account Owner: | Individual Account. | | High Credit: | $43 |
| Type of Account | Revolving | | Credit Limit: | $1,000 |
| Term Duration: | | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 09/01/2009 | | Balance: | $0 |
| Date Reported: | 01/01/2010 | | Amount Past Due: | |
| Date of Last Payment: | 10/2009 | | Actual Payment Amount: | |
| Scheduled Payment Amount: | | | Date of Last Activity: | 10/2009 |
| Date Major Delinquency First Reported: | | | Months Reviewed: | 4 |
| Creditor Classification: | | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | | Balloon Payment Date: | |
| Date Closed: | 09/2009 | | Type of Loan: | Credit Card |
| Date of First Delinquency: | N/A | | | |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

| Comments: | Account closed at consumers request |
|---|---|

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009 | | | | | | | | | * | * | * | * |

| COMENITY BANK/NWYRK& | 56124XXXX | 12/01/2005 | $0 | 01/01/2006 | | PAYS AS AGREED | $500 |
|---|---|---|---|---|---|---|---|

Comenity Bank/NWYRK&CO

PO Box 182789
Columbus, OH-432182789

| Account Number: | 56124XXXX | Status: | PAYS AS AGREED |
|---|---|---|---|
| Account Owner: | Individual Account. | High Credit: | $29 |
| Type of Account | Revolving | Credit Limit: | $500 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 12/01/2005 | Balance: | $0 |
| Date Reported: | 01/01/2006 | Amount Past Due: | |
| Date of Last Payment: | 01/2006 | Actual Payment Amount: | $29 |
| Scheduled Payment Amount: | | Date of Last Activity: | 01/2006 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 1 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Charge Account |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

81-Month Payment History

| No 81-Month Payment Data available for display. |
|---|

| ELAN FINANCIAL SERVI | 414776856687XXXX | 07/01/2011 | $8,235 | 12/31/2012 | | PAYS AS AGREED | $7,000 |
|---|---|---|---|---|---|---|---|

ELAN FINANCIAL SERVICES

Cb Disputes
PO Box 108
Saint Louis, MO-631660108
(866) 234-4750

| Account Number: | 414776856687XXXX | Status: | PAYS AS AGREED |
|---|---|---|---|
| Account Owner: | Joint Account | High Credit: | $9,616 |
| | Revolving | Credit Limit: | $7,000 |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

**Type of Account** [?]

| | | | |
|---|---|---|---|
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 07/01/2011 | Balance: | $8,235 |
| Date Reported: | 12/31/2012 | Amount Past Due: | |
| Date of Last Payment: | 12/2012 | Actual Payment Amount: | $204 |
| Scheduled Payment Amount: | $204 | Date of Last Activity: | 12/2012 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 17 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 04/2012 | Type of Loan: | Flexible Spending Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | 30 | * | * | * | * | * | * | * | * |
| 2011 | | | | | | * | * | * | * | * | * | * |

| ELAN FINANCIAL SERVI | 403766002143XXXX | 12/01/2008 | $12,520 | 12/31/2012 | $858 | PAYS 91 -120 DAYS | $13,000 |
|---|---|---|---|---|---|---|---|

**ELAN FINANCIAL SERVICES**

Cb Disputes
PO Box 108
Saint Louis, MO-631660108
(866) 234-4750

*1st Account*

| Account Number: | 403766002143XXXX | Status: | PAYS 91-120 DAYS |
|---|---|---|---|
| Account Owner: | Joint Account | High Credit: | $13,423 |
| Type of Account [?] | Revolving | Credit Limit: | $13,000 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 12/01/2008 | Balance: | $12,520 |
| Date Reported: | 12/31/2012 | Amount Past Due: | $858 |
| Date of Last Payment: | 12/2012 | Actual Payment Amount: | $125 |
| Scheduled Payment Amount: | $292 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 48 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 02/2012 | Type of Loan: | Credit Card |
| Date of First Delinquency: | 07/2012 | | |
| Comments: | Account closed at consumers request | | |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

**81-Month Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | * | * | * | 30 | 30 | 30 | 60 | 90 | |
| 2011 | * | * | * | * | * | * | * | * | * | * | * | |
| 2010 | * | * | * | * | * | * | * | * | * | * | * | |
| 2009 | * | * | * | * | * | * | * | * | * | * | * | |
| 2008 | | | | | | | | | | | | * |

| FIA CSNA | 37463701841XXXX | 09/01/2005 | $0 | 10/01/2009 | | PAYS AS AGREED | $7,000 |
|---|---|---|---|---|---|---|---|

**FIA CSNA**

P.O. Box 982235
El Paso, TX-799982235

| | | | |
|---|---|---|---|
| Account Number: | 37463701841XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | $3,513 |
| Type of Account [?] | Revolving | Credit Limit: | $7,000 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 09/01/2005 | Balance: | $0 |
| Date Reported: | 10/01/2009 | Amount Past Due: | |
| Date of Last Payment: | 08/2007 | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | 08/2007 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 49 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 10/2009 | Type of Loan: | Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

**81-Month Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009 | * | * | * | * | * | * | * | * | | | | |
| 2008 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2007 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2006 | * | * | * | * | * | * | * | * | * | * | * | |
| 2005 | | | | | | | | | * | * | * | * |

| GECRB/DILLARD'S DC | 374354090460XXXX | 05/18/2008 | $0 | 12/28/2012 | | PAYS AS AGREED | $2,700 |
|---|---|---|---|---|---|---|---|

| Account Name | Account Number | Date Opened | Balance | Date Reported [?] | Past Due | Status [?] | Credit Limit |
|---|---|---|---|---|---|---|---|

**GECRB/DILLARD'S DC**

P.O. Box 965024
Orlando, FL-328965024
(800) 234-7455

| | | | | |
|---|---|---|---|---|
| Account Number: | 374354090460XXXX | Status: | | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | | $153 |
| Type of Account [?] | Revolving | Credit Limit: | | $2,700 |
| Term Duration: | | Terms Frequency: | | Monthly (due every month) |
| Date Opened: | 05/18/2008 | Balance: | | $0 |
| Date Reported: | 12/28/2012 | Amount Past Due: | | |
| Date of Last Payment: | 01/2009 | Actual Payment Amount: | | |
| Scheduled Payment Amount: | | Date of Last Activity: | | 01/2009 |
| Date Major Delinquency First Reported: | | Months Reviewed: | | 55 |
| Creditor Classification: | | Activity Designator: | | Paid and Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | | |
| Balloon Payment Amount: | | Balloon Payment Date: | | |
| Date Closed: | 01/2009 | Type of Loan: | | Credit Card |
| Date of First Delinquency: | N/A | | | |
| Comments: | Account closed at consumers request | | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2011 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2010 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2009 | * | * | * | * | * | * | * | * | | | | |
| 2008 | | | | * | * | * | * | * | * | * | * | * |

| GECRB/MERVYN'S | 604589115395XXXX | 12/27/2003 | $0 | 12/31/2012 | | PAYS AS AGREED | $0 |
|---|---|---|---|---|---|---|---|

**GECRB/MERVYN'S**

P.O. BOX 965005
ORLANDO, FL-32896-5005

| | | | | |
|---|---|---|---|---|
| Account Number: | 604589115395XXXX | Status: | | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | | $400 |
| Type of Account [?] | Revolving | Credit Limit: | | $0 |
| Term Duration: | | Terms Frequency: | | Monthly (due every month) |
| Date Opened: | 12/27/2003 | Balance: | | $0 |
| Date Reported: | 12/31/2012 | Amount Past Due: | | |
| Date of Last Payment: | 05/2005 | Actual Payment Amount: | | |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| Scheduled Payment Amount: | | | Date of Last Activity: | | 05/2005 |
| Date Major Delinquency First Reported: | | | Months Reviewed: | | 99 |
| Creditor Classification: | | | Activity Designator: | | Paid and Closed |
| Charge Off Amount: | | | Deferred Payment Start Date: | | |
| Balloon Payment Amount: | | | Balloon Payment Date: | | |
| Date Closed: | 01/2005 | | Type of Loan: | | Charge Account |
| Date of First Delinquency: | N/A | | | | |
| Comments: | Account closed at consumers request | | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| | | | | | | |
|---|---|---|---|---|---|---|
| GECRB/SAMS CLUB | 771410050358XXXX | 05/22/2009 | $0 | 12/28/2012 | | PAYS AS AGREED | $1,500 |

**GECRB/SAMS CLUB**

PO Box 965005
Orlando, FL-328965005
(800) 964-1917

| | | | |
|---|---|---|---|
| Account Number: | 771410050358XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | $0 |
| Type of Account [?] | Revolving | Credit Limit: | $1,500 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 05/22/2009 | Balance: | $0 |
| Date Reported: | 12/28/2012 | Amount Past Due: | |
| Date of Last Payment: | 05/2009 | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | 05/2009 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 43 |
| Creditor Classification: | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 06/2009 | Type of Loan: | Charge Account |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2011 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2010 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2009 | | | | * | * | * | * | * | * | * | * | * |

| | | | | | | |
|---|---|---|---|---|---|---|
| KAY JEWELERS | 311851XXXX | 09/01/2010 | $0 | 01/01/2011 | | $7,500 |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| | | | | | | PAYS AS AGREED | |

**KAY JEWELERS**

375 Ghent Rd
Fairlawn, OH-443334601

| | | | |
|---|---|---|---|
| Account Number: | 311851XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | $0 |
| Type of Account ⑦ | Revolving | Credit Limit: | $7,500 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 09/01/2010 | Balance: | $0 |
| Date Reported: | 01/01/2011 | Amount Past Due: | |
| Date of Last Payment: | 12/2010 | Actual Payment Amount: | $530 |
| Scheduled Payment Amount: | | Date of Last Activity: | 12/2010 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 4 |
| Creditor Classification: | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | Defered Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 01/2011 | Type of Loan: | Charge Account |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | | | | | | | | | * | * | | * |

| | | | | | | |
|---|---|---|---|---|---|---|
| SPRINGLEAF FIN SRVCS | 1206244603451XXXX | 12/01/2006 | $0 | 02/01/2010 | | PAYS AS AGREED | $4,500 |

**AMERICAN GENERAL FINANCE**

601 NW Second St
PO Box 59
Evansville, IN-477010059

| | | | |
|---|---|---|---|
| Account Number: | 1206244603451XXXX | Status: | PAYS AS AGREED |
| Account Owner: | Joint Account | High Credit: | $4,500 |
| Type of Account ⑦ | Revolving | Credit Limit: | $4,500 |
| Term Duration: | | Terms Frequency: | |
| Date Opened: | 12/01/2006 | Balance: | $0 |
| Date Reported: | 02/01/2010 | Amount Past Due: | |
| Date of Last Payment: | 01/2009 | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | 01/2009 |

| Account Name | Account Number | Date Opened | Balance | Date Reported 🙂 | Past Due | Status 🙂 | Credit Limit |
|---|---|---|---|---|---|---|---|
| Date Major Delinquency First Reported: | | | | Months Reviewed: | | 38 | |
| Creditor Classification: | | | | Activity Designator: | | Paid and Closed | |
| Charge Off Amount: | | | | Deferred Payment Start Date: | | | |
| Balloon Payment Amount: | | | | Balloon Payment Date: | | | |
| Date Closed: | | | | Type of Loan: | | Charge Account | |
| Date of First Delinquency: | N/A | | | | | | |
| Comments: | Account closed at consumers request | | | | | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | * | | | | | | | | | | | |
| 2009 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2008 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2007 | * | * | * | * | * | * | * | * | * | * | | |
| 2006 | | | | | | | | | | | | * |

| VISA/DSNB | 430851719161XXXX | 06/01/2009 | $0 | 09/01/2011 | | PAYS AS AGREED | $0 |
|---|---|---|---|---|---|---|---|

**VISA/DSNB**

9111 Duke Blvd
Mason, OH-450408999
(800) 243-6552

| Account Number: | 430851719161XXXX | Status: | PAYS AS AGREED |
|---|---|---|---|
| Account Owner: | Individual Account. | High Credit: | $0 |
| Type of Account 🙂 | Revolving | Credit Limit: | $0 |
| Term Duration: | | Terms Frequency: | |
| Date Opened: | 06/01/2009 | Balance: | $0 |
| Date Reported: | 09/01/2011 | Amount Past Due: | |
| Date of Last Payment: | | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 24 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 06/2009 | Type of Loan: | Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed by consumer | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2011 | * | * | * | * | * | * | * | | | | | |
| 2010 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2009 | | | | | | * | * | * | * | * | * | * |

STERLING INCORPORATED

Customer Service Dept
375 Ghent Rd
Fairlawn, OH-443334601
(216) 668-5024

| Account Number: | 309488XXXX | Status: | PAYS AS AGREED |
|---|---|---|---|
| Account Owner: | Individual Account. | High Credit: | $5,072 |
| Type of Account [?] | Revolving | Credit Limit: | $5,072 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 06/01/2007 | Balance: | $0 |
| Date Reported: | 03/01/2010 | Amount Past Due: | |
| Date of Last Payment: | 08/2007 | Actual Payment Amount: | |
| Scheduled Payment Amount: | $280 | Date of Last Activity: | 08/2007 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 33 |
| Creditor Classification: | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 08/2009 | Type of Loan: | Charge Account |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed due to inactivity | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | * | * | | | | | | | | | | |
| 2009 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2008 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2007 | | | | | | * | * | * | * | * | * | * |

| WELLS FARGO CARD SER | 446542014029XXXX | 02/01/2004 | $0 | 05/01/2007 | PAYS AS AGREED | $5,000 |
|---|---|---|---|---|---|---|

WELLS FARGO CARD SERVICES

Crdt Buru Dispute Resoluti
PO Box 14517
Des Moines, IA-503063517
(800) 642-4720

| Account Number: | 446542014029XXXX | Status: | PAYS AS AGREED |
|---|---|---|---|
| Account Owner: | Individual Account. | High Credit: | $0 |
| Type of Account [?] | Revolving | Credit Limit: | $5,000 |
| Term Duration: | | Terms Frequency: | |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| | | | | | | | Monthly (due every month) |

| | | | |
|---|---|---|---|
| Date Opened: | 02/01/2004 | Balance: | $0 |
| Date Reported: | 05/01/2007 | Amount Past Due: | |
| Date of Last Payment: | | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 38 |
| Creditor Classification: | | Activity Designator: | Paid and Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 03/2004 | Type of Loan: | Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

81-Month Payment History

No 81-Month Payment Data available for display.

⬆ Back to Top

## Other Accounts

These are all accounts that do not fall into the other categories and can include 30-day accounts such as American Express.

**You have no accounts classified as "Other" on file**

⬆ Back to Top

## Payment History Key

| Meaning | Symbol | Meaning | Symbol |
|---|---|---|---|
| Pays or Paid as Agreed: | * | 180+ Days Past Due: | 180 |
| 30-59 Days Past Due: | 30 | Collection Account: | CA |
| 60-89 Days Past Due: | 60 | Foreclosure: | F |
| 90-119 Days Past Due: | 90 | Voluntary Surrender: | VS |
| 120-149 Days Past Due: | 120 | Repossession: | R |
| 150-179 Days Past Due: | 150 | Charge Off: | CO |

## Inquiries

A request for your credit history is called an inquiry.Inquiries remain on your credit report for two years. There are two types of inquires those that may impact your credit rating and those that do not.

**Inquiries that may impact your credit rating**
These inquires are made by companies with whom you have applied for a loan or credit.

| Name of Company | Date of Inquiry |
|---|---|
| CAPITAL ONE BANK USA NA | 08/07/11 |

**Name of Company**          **Date of Inquiry**

**Creditor Contact Information**

CAPITAL ONE BANK USA NA
PO Box 30281
Salt Lake City, UT 841300281

| | |
|---|---|
| ROADLOANS | 04/13/12, 04/12/12 |

**Creditor Contact Information**

ROADLOANS
5201 Rufe Snow Dr Ste 400
North Richland Hills, TX 761806036

## Inquiries that do not impact your credit rating

These inquires include requests from employers, companies making promotional offers and your own requests to check your credit. These inquiries are only viewable by you.

| Company Information | Date of Inquiry |
|---|---|
| PRM-AT&T WIRELESS | 05/23/12, 02/23/12 |
| CONSUMERINFO | 06/13/12 |
| FIRST ADVANTAGE CREDCO | 06/18/12 |
| FIRST ADVANTAGE CREDCO/ | 06/09/12 |
| PRM-DSRM NATIONAL BANK | 03/23/12 |
| EQUIFAX | 01/08/13, 12/07/12 |
| EQUIFAX INFO SVCS. | 05/11/12 |
| PRM-FIRST OHIO BANC & LENDING, INC | 10/09/12, 03/13/12 |
| PRM-HOUSEHOLD BANK | 01/26/12 |
| AR-METLIFE HOME LOANS, A DIVISION | 02/23/12 |
| PRM-NEW WAVE LENDING CORP-MASADA | 03/08/12 |
| PRM-ONEMAIN FINANCIAL | 05/22/12, 03/26/12, 02/27/12 |
| PRM-XCELERATED INVESTMENTS | 03/26/12 |

| Prefix | Prefix Description |
|---|---|
| PRM | Inquiries with this prefix indicate that only your name and address were given to a credit grantor so they can provide you a firm offer of credit or insurance.(PRM inquiries remain for twelve months.) |
| AM or AR | Inquiries with these prefixes indicate a periodic review of your credit history by one of your creditors.(AM and AR inquiries remain for twelve months.) |
| EMPL | Inquiries with this prefix indicate an employment inquiry. (EMPL inquiries remain for 24 months) |
| PR | Inquiries with this prefix indicate that a creditor reviewed your account as part of a portfolio they are purchasing.(PR inquiries remain for 12 months.) |
| Equifax or EFX | Inquiries with these prefixes indicate Equifax's activity in response to your contact with us for a copy of your credit file or a research request. |

| Prefix | Prefix Description |
|---|---|
| ND | Inquiries with this prefix are general inquiries that do not display to credit grantors.(ND inquiries remain for 24 months.) |
| ND MR | Inquiries with this prefix indicate the reissue of a mortgage credit report containing information from your Equifax credit file to another company in connection with a mortgage loan.(ND inquiries remain for 24 months.) |

⬆ Back to Top

## Negative Accounts

Accounts that contain a negative account status. Accounts not paid as agreed generally remain on your credit file for 7 years from the date the account first became past due leading to the current not paid status. Late Payment History generally remains on your credit file for 7 years from the date of the late payment.

## Closed Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| ELAN FINANCIAL SERVI | 414776856687XXXX | 07/01/2011 | $8,235 | 12/31/2012 | | PAYS AS AGREED | $7,000 |

ELAN FINANCIAL SERVICES

Cb Disputes
PO Box 108
Saint Louis, MO-631660108
(866) 234-4750

| Account Number: | 414776856687XXXX | Status: | PAYS AS AGREED |
|---|---|---|---|
| Account Owner: | Joint Account | High Credit: | $9,616 |
| Type of Account | Revolving | Credit Limit: | $7,000 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 07/01/2011 | Balance: | $8,235 |
| Date Reported: | 12/31/2012 | Amount Past Due: | |
| Date of Last Payment: | 12/2012 | Actual Payment Amount: | $204 |
| Scheduled Payment Amount: | $204 | Date of Last Activity: | 12/2012 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 17 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 04/2012 | Type of Loan: | Flexible Spending Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | 30 | * | * | * | * | * | * | * | * |
| 2011 | | | | | | | * | * | * | * | * | * |

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| ELAN FINANCIAL SERVI | 403766002143XXXX | 12/01/2008 | $12,520 | 12/31/2012 | $858 | PAYS 91-120 DAYS | $13,000 |

**ELAN FINANCIAL SERVICES**

Cb Disputes
PO Box 108
Saint Louis, MO-631660108
(866) 234-4750

| | | | |
|---|---|---|---|
| Account Number: | 403766002143XXXX | Status: | PAYS 91-120 DAYS |
| Account Owner: | Joint Account | High Credit: | $13,423 |
| Type of Account | Revolving | Credit Limit: | $13,000 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 12/01/2008 | Balance: | $12,520 |
| Date Reported: | 12/31/2012 | Amount Past Due: | $858 |
| Date of Last Payment: | 12/2012 | Actual Payment Amount: | $125 |
| Scheduled Payment Amount: | $292 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 48 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 02/2012 | Type of Loan: | Credit Card |
| Date of First Delinquency: | 07/2012 | | |
| Comments: | Account closed at consumers request | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2012 | * | * | * | * | * | * | 30 | 30 | 30 | 60 | 90 | |
| 2011 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2010 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2009 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2008 | | | | | | | | | | | | * |

⬆ Back to Top

# Collections

A collection is an account that has been turned over to a collection agency by one of your creditors because they believe the account has not been paid as agreed.

**You have no Collections on file**

⬆ Back to Top

# Public Records

Public record information includes bankruptcies, liens or judgments and comes from federal, state or county court records.

Public record information includes bankruptcies, liens or judgments and comes from federal, state or county court records.

**You have no Public Records on file**

⬆ Back to Top

# Personal Information

The following information is added to your file either when creditors enter requests to view your credit history, or when you report it to Equifax directly.

**Name:** Norma P. Hernandez
**Social Security Number:** XXX-XX-7513
**Age or Date of Birth:** March 8, 1963

## Address Information

| Current/Previous | Street Address | Date Reported | Telephone |
|---|---|---|---|
| Current | PO BOX 62392 PHOENIX, AZ 85082 | Last Reported 01/04/2013 | |
| Former Address 1 | 413 W MONTE WAY PHOENIX, AZ 85041 | Last Reported 01/08/2013 | |
| Former Address 2 | 508 S SPUR MESA, AZ 85204 | Last Reported 05/11/2012 | |
| Former Address 3 | 526 W MCNEIL ST PHOENIX, AZ 85041 | Last Reported 10/19/2010 | |
| Former Address 4 | 3147 N 7TH AVE APT 205 PHOENIX, AZ 85013 | Last Reported 10/19/2010 | |
| Former Address 5 | 6318 W BECKER LN GLENDALE, AZ 85304 | Last Reported 10/19/2010 | |

## Other Identification

**You have no other identification on file.**

## Employment History

**Last Reported Employment:**
JENSEN TOOLS INC

## Alert(s)

**You have no Alerts on file.**

## Consumer Statement

**You have no Consumer Statement on file.**

⬆ Back to Top

# Dispute File Information

If you believe that any of the information found on this report is incorrect, there are 3 ways to launch an investigation about the information on this report.

When you file a dispute, the credit bureau you contact is required to investigate your dispute within 30 days. They will not remove accurate data from your file unless it is outdated or cannot be verified.

To initiate a dispute online please visit https://www.ai.equifax.com

To check the status or view the results of your dispute please visit https://www.ai.equifax.com

⬆ Back to Top

## How to order your score by phone

By law, you are entitled to obtain your credit score. There is a fee of $7.95 to obtain your credit score from Equifax Information Services . To request your credit score, please contact:

Equifax Information Services LLC
P.O. Box 105167
Atlanta, GA 30348
or call
1-877-SCORE-11

If you are in the process of obtaining a mortgage, you may be entitled to free credit score information. Contact the person making or arranging your loan for further information.

🔼 Back to Top

# A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20006.**

- **You must be told if information in your file has been used against you.** Anyone who uses a Credit Report or another type of Consumer Report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.
- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identify theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.
    In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.
- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.
- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.
- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.
- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.
- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without

your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll -free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688) .
- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.
- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. Federal enforcers are:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| **1.a.** Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates. | **a.** Bureau of Consumer Financial Protection 1700 G Street NW Washington, DC 20006 |
| **b.** Such affiliates that are not banks, savings associations, or credit unions | **b.** Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |
| **2.** To the extent not included in item 1 above: **a.** National banks, federal savings associations, and federal branches and federal agencies of foreign banks | **a.** Office of the Comptroller of the Currency Customer Assistance Group 1301 McKinney Street, Suite 3450 Houston, TX 77010-9050 |
| **b.** State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act | **b.** Federal Reserve Consumer Help Center P.O. Box 1200 Minneapolis, MN 55480 |
| **c.** Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | **c.** FDIC Consumer Response Center 1100 Walnut Street, Box #11 Kansas City, MO 64106 |
| **d.** Federal Credit Unions | **d.** National Credit Union Administration Office of Consumer Protection (OCP) Division of Consumer Compliance and Outreach (DCCO) 1775 Duke Street Alexandria, VA 22314 |
| **3.** Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings Department of Transportation 400 Seventh Street SW Washington, DC 20590 |
| **4.** Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board Department of Transportation 1925 K Street NW Washington, DC 20423 |
| **5.** Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
| **6.** Small Business Investment Companies | Associate Deputy Administrator for Capital Access United States Small Business Administration 409 Third Street, SW, 8th Floor Washington, DC 20416 |

| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F St NE<br>Washington, DC 20549 |
|---|---|
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |

⬆ Back to Top

## Remedying the Effects of Identity Theft

You are receiving this information because you have notified a consumer reporting agency that you believe that you are a victim of identity theft. Identity theft occurs when someone uses your name, Social Security number, date of birth, or other identifying information, without authority, to commit fraud. For example, someone may have committed identity theft by using your personal information to open a credit card account or get a loan in your name. For more information, visit www.consumerfinance.gov or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20006.

The Fair Credit Reporting Act (FCRA) gives you specific rights when you are, or believe that you are, the victim of identity theft. Here is a brief summary of the rights designed to help you recover from identity theft.

1. You have the right to ask that nationwide consumer reporting agencies place "fraud alerts" in your file to let potential creditors and others know that you may be a victim of identity theft. A fraud alert can make it more difficult for someone to get credit in your name because it tells creditors to follow certain procedures to protect you. It also may delay your ability to obtain credit. You may place a fraud alert in your file by calling just one of the three nationwide consumer reporting agencies. As soon as that agency processes your fraud alert, it will notify the other two, which then also must place fraud alerts in your file.
   - Equifax: 1-800-525-6285; www.equifax.com
   - Experian: 1-888-397-3742; www.experian.com
   - TransUnion: 1-800-680-7289; www.transunion.com

   An initial fraud alert stays in your file for at least 90 days. An extended alert stays in your file for seven years. To place either of these alerts, a consumer reporting agency will require you to provide appropriate proof of your identity, which may include your Social Security number. If you ask for an extended alert, you will have to provide an identity theft report. An identity theft report includes a copy of a report you have filed with a federal, state, or local law enforcement agency, and additional information a consumer reporting agency may require you to submit. For more detailed information about the identity theft report, visit www.consumerfinance.gov.

2. You have the right to free copies of the information in your file (your "file disclosure"). An initial fraud alert entitles you to a copy of all the information in your file at each of the three nationwide agencies, and an extended alert entitles you to two free file disclosures in a 12-month period following the placing of the alert. These additional disclosures may help you detect signs of fraud, for example, whether fraudulent accounts have been opened in your name or whether someone has reported a change in your address. Once a year, you also have the right to a free copy of the information in your file at any consumer reporting agency, if you believe it has inaccurate information due to fraud, such as identity theft. You also have the ability to obtain additional free file disclosures under other provisions of the FCRA. See www.ftc.gov/credit.

3. You have the right to obtain documents relating to fraudulent transactions made or accounts opened using your personal information. A creditor or other business must give you copies of applications and other business records relating to transactions and accounts that resulted from the theft of your identity, if you ask for them in writing. A business may ask you for proof of your identity, a police report, and an affidavit before giving you the documents. It also may specify an address for you to send your request. Under certain circumstances, a business can refuse to provide you with these documents. See www.consumer.gov/idtheft.

4. You have the right to obtain information from a debt collector. If you ask, a debt collector must provide you with certain information about the debt you believe was incurred in your name by an identity thief - like the name of the creditor and the amount of the debt.

5. If you believe information in your file results from identity theft, you have the right to ask that a consumer reporting agency block that information from your file. An identity thief may

run up bills in your name and not pay them. Information about the unpaid bills may appear on your consumer report. Should you decide to ask a consumer reporting agency to block the reporting of this information, you must identify the information to block, and provide the consumer reporting agency with proof of your identity and a copy of your identity theft report. The consumer reporting agency can refuse or cancel your request for a block if, for example, you don't provide the necessary documentation, or where the block results from an error or a material misrepresentation of fact made by you. If the agency declines or rescinds the block, it must notify you. Once a debt resulting from identity theft has been blocked, a person or business with notice of the block may not sell, transfer, or place the debt for collection.

6. **You also may prevent businesses from reporting information about you to consumer reporting agencies if you believe the information is a result of identity theft.** To do so, you must send your request to the address specified by the business that reports the information to the consumer reporting agency. The business will expect you to identify what information you do not want reported and to provide an identity theft report.

To learn more about identity theft and how to deal with its consequences, visit www.consumer.gov/idtheft, or write to the FTC. You may have additional rights under state law. For more information, contact your local consumer protection agency or your state attorney general.

In addition to the new rights and procedures to help consumers deal with the effects of identity theft, the FCRA has many other important consumer protections. They are described in more detail at www.ftc.gov/credit.

⬆ Back to Top

# Your Rights Under State Law

**STATE OF ARIZONA - Revised Statutes**

A consumer may provide a statement to the consumer reporting agency and, unless there are reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall include the statement in the consumer's file if either of the following applies:

1. The statement is a written explanation regarding an item of information that the consumer reporting agency denies is inaccurate.

2. The statement is regarding the contents of the consumer's file. The consumer may provide such a statement at any time, and the consumer reporting agency shall not charge the consumer for the statement.

A consumer reporting agency may limit a consumer's statement as described above to not more that one hundred words if the consumer reporting agency provides the consumer with assistance in writing the statement.

**STATE OF ARIZONA – Notice to Consumers**

You may request that a security freeze be placed on your Equifax Information Services LLC (Equifax) credit report by sending a request in writing by mail. The security freeze on your credit report will prohibit Equifax from releasing your credit report without your express authorization. The security freeze is designed to prevent the release of your credit report without your consent. However, you should be aware that using a security freeze to take control over who is allowed access to the personal and financial information in your credit report may delay, interfere with or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, government services or payments, rental housing, employment, investment, license, cellular telephone, utilities, digital signature, Internet credit card transaction or other services, including an extension of credit at point of sale. When you place a security freeze on your credit report, you will be provided a personal identification number or password to use if you choose to remove the security freeze from your credit report or to authorize the temporary release of your credit report for a specific period of time while the security freeze is in place. To provide that authorization, you must contact Equifax and provide all the following:

1. Proper identification.
2. The unique personal identification number or password provided by the credit reporting agency.
3. The proper information regarding the specific period of time for which the credit report is to be available.
4. Appropriate fee.

Equifax will remove the security freeze from your credit file within 3 business days after receiving the above information.

Equifax will authorize the temporary release of your credit report not later than 3 business days after receiving the above information via your written request and within 15 minutes when your request is received via telephone or internet.

A security freeze does not apply to certain persons, including a person, or collection agencies acting on behalf of a person, with whom you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. A security freeze does not apply to the use of your credit report for insurance underwriting purposes.

If you are actively seeking a new credit, loan, utility, or telephone account, you should understand that the procedures involved in lifting security freeze may slow your own applications for credit. You should plan ahead and lift a freeze, either completely if you are shopping around or specifically for a certain creditor, with enough advance notice before you apply for new credit to enable the lifting to take effect.

To place a security freeze on your Equifax credit report, send your request via mail to:

*Equifax Security Freeze*
*P.O. Box 105788*
*Atlanta, Georgia 30348*

Or, you may contact us on the web at equifax.com or call 800-685-1111.

The fee to place a security freeze on your credit report is $5.00. If you are a victim of identity theft and you submit a copy of a valid police report that alleges a violation of Section 13-2008, 13-2009 or 13-2010, no fee will be charged. Include your complete name, complete address, social security number, date of birth and payment, if applicable.

Written confirmation of the security freeze will be sent within 10 business days of receipt of the request via first class mail. It will include your unique personal identification number and instructions for removing the security freeze or authorizing the release of your credit report for a specific period of time.

**⬆ Back to Top**

Equifax offers you personal credit products that enlighten, enable and empower you. Whether you are understanding your credit, protecting your identity or preparing for a major purchase, Equifax offers the tools you need to make the smartest choices possible. For more information visit www.Equifax.com.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
  If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Visa Sig Account
P. O. Box 790408
St. Louis, MO
  63179-0408

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service labe.)   7011 3500 0001 3400 3008

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
  If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Chase
Card Services
P. O. Box 15123
Wilmington, DE
  19850-5123

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 3500 0001 3400 297

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
  If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Visa Sig Account
Cardmember Service
P. O. Box 790408
St. Louis, MO
  63179-0408

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 3500 0001 3400 2995

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union LLC
P.O. Box 1000
Chester, PA 19022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service   7010 1060 0002 2144 5494

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
Nat. Consumer Asst. Cntr
P.O. Box 2002
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
EXPERIAN
701 EXPERIAN PKWY

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No
FEB -- 2013

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 1060 0002 2144 3728

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax
P.O. Box 740256
Atlanta, GA 30374

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 1060 0002 2144 3735

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union Cons Solutions
P.O. Box 2000
Chester, PA 19022-2000

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X

☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

FEB 01 2013

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )      ☐ Yes

2. Article Number
(Transfer from service label)    7010 1060 0002 2144 3742

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America
P.O. Box 982235
El Paso TX
79998-2235

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ACS/Bank of America
                    Sales

☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

N. Villegas/M Bacon

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )      ☐ Yes

2. Article Number
(Transfer from service label)    7011 3500 0001 3400 2988

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540